(5 Misc. Rep. 219.)

### CUNNINGHAM v. DOYLE.

(Common Pleas of New York City and County, General Term.    October 2, 1893.)

1. MECHANICS' LIENS—BOND IN DISCHARGE—FORM OF ACTION.
   Notwithstanding the discharge of a mechanic's lien by the giving of a, bond by the owner of the premises as provided by Laws 1885, c. 342, § 24, an action to establish the lien may be brought against the owner alone in form as an action to foreclose.    Kruger v. Braender, (Com. Pl. N. Y.) 23 N. Y. Supp. 324, followed.

2. SAME—VERIFICATION.
   A verification which states that "——, being duly sworn, says," etc., is sufficient, where it is signed by affiant, notwithstanding the omission to name him in the body of the verification.

3. SAME—FOLLOWING LANGUAGE OF STATUTE.
   A verification in the language of the statute that the statements are true to affiant's "knowledge or information and belief" is not objectionable as being in the alternative.    Staubsandt v. Lennon, (Com. Pl. N. Y.) 22 N. Y. Supp. 544, followed.

Appeal from judgment on report of referee.

Action by James Cunningham against Andrew T. Doyle to foreclose a mechanic's lien upon premises in West Ninety-Fifth street and Amsterdam avenue, New York city.    There was a judgment in favor of plaintiff, and defendant appeals.    Affirmed.

After the filing of the lien, the defendant executed a bond, and an order discharging the lien was thereupon made, pursuant to the provisions of the mechanic's lien law (Laws 1885, c. 342, § 24) that a lien may be discharged by the owners of the premises executing a bond conditioned for the payment of any judgment which may be recovered against the property, and that upon the approval of the bond an order discharging such lien may be made.

The notice of lien specified as claimants "Cunningham and Smith; Cunningham residing at 140 East Forty-Fourth street, and Smith at No. 1612 Amsterdam avenue, in the city of New York and state of New York." The verification attached to the notice of lien was as follows:

"City and County of New York—ss.:

"——, being duly sworn, says that he is one of the claimants mentioned in the foregoing notice of lien; that he has read the said notice, and knows the contents thereof; and that the statements therein contained are true to his knowledge, or information and belief.        C. Smith.

"Sworn to before me, this 28th day of July, 1890.
                                    "Geo. H. Weyer, Notary Public."

The opinion of Clifford Boese, Esq., the referee, is as follows:

"This is an action brought to foreclose a mechanic's lien.    A motion was made at the beginning of the reference to dismiss the complaint, on the ground that the action was improperly brought, but it was agreed that the testimony be taken, and this point raised by the defendant be decided, when the whole case was submitted.    The defendant contends that the decision of this court in the case of Copley v. Hay, 12 N. Y. Supp. 277, is controlling, and that the complaint should be dismissed.    In the case cited the owner of the property and the contractor were different individuals.    In this action they are the same party, and the decision there made was for the purpose of relieving the owner from responsibility, a bond having been filed. While it is true that this action before me is in the nature of a foreclosure of a mechanic's lien, it also partakes of the nature of an action against the owner for the debt, and provision to that extent must be provided in the

judgment under the rule laid down in Lawson v. Reilly, 13 Civil Proc. R. 290, as I am of the opinion that this action has been properly brought, and that the motion to dismiss should be denied. The defendant also contends that the lien filed is defective in form and verification. This objection was made at the trial, and was overruled. After careful consideration of the whole case, and without further specifically commenting upon the various objections made by the defendant to the validity of the lien, I am firm in the opinion that the plaintiff is properly entitled to an adjudication that the lien filed July 28, 1890, was one that complied with the provisions of the statute. The filing of this lien was the result of the failure of the defendant to pay certain moneys alleged to be due Cunningham & Smith for work done upon the houses owned by the defendant mentioned in the complaint herein. This lien was subsequently, and on or about the 21st day of August, 1890, assigned to one Patrick Booden, who, in turn, on or about October 29, 1890, reassigned it to James Cunningham, the plaintiff in this case. The plaintiff is one of the original lienors, and one of the defenses of this action is that the real person in interest is Patrick Booden; but, as Booden testified that he had reassigned the lien to the plaintiff herein, this objection fails. I am of the opinion that the plaintiff is the owner of the lien, and, as such, has a right to bring this action. This being the case, the first thing to consider is whether Cunningham & Smith abandoned the work on the houses mentioned in the complaint herein, thereby forfeiting the right of action and invalidating the lien filed.' Work was commenced on or about January 8, 1890, under a contract made between Cunningham & Smith and the defendant herein, and was continued down to about June 11, 1891, when, differences having arisen in regard to the payments of money, the plaintiffs refused to work. These differences, however, were finally adjusted, and the plaintiff continued to work on the houses up to July 26, 1892, when, as the testimony discloses, the plaintiff refused to continue, owing to the failure of the defendant to make further advances, and the lien was filed. These facts are not controverted, and it clearly follows that, where the owner prevents the contractor from completing the contract, the contractor will not be debarred from enforcing his lien. Henderson v. Sturgis, 1 Daly, 336. This claim here is for the amount alleged to be due the plaintiff under the contract heretofore referred to, and under various other contracts. The first contract was for painting, staining, and varnishing, and the other contracts for papering, decorating, etc. Up to June 11, 1891, the payments so far made to the plaintiff seem to have amounted to the sum of $3,956.09. In this sum were included payments made on account of papering some of the rooms in the various houses. The plaintiff contends that the papering was to be done at the price agreed upon between Doyle and himself, and I am constrained to believe that that is the fact—First, because it seems improbable that a contract would be made in the manner in which it is alleged to have been made by the defendant, who testifies that the papering was to be done 'as cheap as he could get anybody else to do it.' This statement seems to be at variance with what are the accepted rules of business men. Secondly, when viewed in the light of the events prior to June 11, 1891, and payments for this class of work made before that time. The question as to the amount of paper hanging done on these houses by the plaintiff seems to have been one that could easily have been controverted by the defendant, as it was manifestly within his power to have produced on the reference a clear and absolute statement of the aggregate area of the rooms papered by introducing the plans of the several houses. This he failed to do, and the statements made by the plaintiff, with great particularity as to the amount of paper hanging actually done, with the prices agreed upon, corroborated by the testimony of his witnesses, compels me to the conclusion that the testimony in this regard made by the plaintiff be accepted as sufficiently conclusive. As to the painting, graining, and varnishing, as well as decorating, the various prices for the different classes of work have, in my opinion, been fully established by the testimony of the plaintiff, and corroborated by the facts of the prices paid for these different classes prior to the 11th of June, 1891, as shown by the evidence, as well as the other

testimony. As to the staining and varnishing under the contract of January 8, 1890, I am of the opinion that the amount chargeable for the work done thereunder is $2,600; that the amount chargeable for the other work done by plaintiff for defendant is the sum of $4,446.59; making a total of $7,046.59. The evidence shows that $5,381.12 have been paid to the plaintiff, which, being deducted from the foregoing total, leaves a balance due this plaintiff of $1,665.47, with interest from July 26, 1890, for which judgment is ordered."

Argued before BOOKSTAVER and PRYOR, JJ.

Charles J. Hardy, for appellant.

Palmer, Boothby & Warren, (L. E. Warren, of counsel,) for respondent.

PER CURIAM. This action was properly brought, both as against this defendant and for the purpose of establishing the lien in form as in an action to foreclose it against the property upon which the work in question was done, although a bond in discharge of the lien had been filed. Kruger v. Braender, (Com. Pl. N. Y.) 23 N. Y. Supp. 324.

It is contended that the notice of lien, as filed, was defective, in that the name of the affiant was omitted from the body of the verification thereto. The effect of such omission has been considered by the court of appeals in the case of People v. Sutherland, 81 N. Y. 1, where it was held that a verification in such form is sufficient. The only exception contained in this ruling relates to a case where the affiant acts in some special capacity, and in such case, the court say: "It is manifest that the name of the deponent must be stated, to apply to him by that name the statement of his capacity." Here, however, no statement of special capacity was required. The affidavit showed to the notary that a person's conscience had been burdened with an oath to the effect that he was "one of the claimants," etc., and that the "statements were true," etc.

As to the question of the notary's acquaintance with "C. Smith," it is sufficient to point out that the statute calls for a verification, and not an acknowledgment.

There is no force in the objection that the affidavit is in the alternative. That such a verification may follow the words of the statute[1] has been held by this court in Staubsandt v. Lennon, (Com. Pl. N. Y.) 22 N. Y. Supp. 544. We consider that the notice of lien complied in form with the statutory requirements.

We have examined the exceptions to the findings and rulings of the referee, and conclude that no error requiring a reversal has been committed. The referee was at liberty to consider the agreement between the parties as evidence of the value of the work. Ludlow v. Dole, 62 N. Y. 617. The evidence supports the finding that the refusal of the defendant to make payments subsequent to the first installment justified the contractors in abandoning further performance. Judgment affirmed, with costs.

[1] Laws 1885, c. 342, § 4.