(11 Misc. Rep. 406.)

PURDY v. NOVA SCOTIA MIDLAND RY. & I. CO., Limited.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

ASSUMPSIT—WORK DONE AND MATERIALS FURNISHED.

In an action for work done and materials furnished by plaintiff's assignor in engraving and supplying bonds for defendant, the preliminary cost of engraving the plate from which the bonds are to be printed constitutes part of the value of the work, and a recovery can be had therefor without delivery of the plate.

Appeal from city court, general term.

Action by Edward L. Purdy against the Nova Scotia Midland Railway & Iron Company, Limited, to recover on a quantum meruit for work, labor, and services rendered, and materials furnished, at defendant's instance and request. From a judgment of the city court (28 N. Y. Supp. 758) affirming a judgment entered on a verdict in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Henry C. Andrews, for appellant.
Charles A. B. Pratt, for respondent.

BISCHOFF, J.    An action to recover upon a quantum meruit for the work actually done, and the materials actually furnished, will lie against one who has waived or prevented full performance of an express contract for services by the other of the contracting parties. Clark v. Mayor, 4 N. Y. 338; Jones v. Judd, Id. 411; Niblo v. Binsse, 3 Abb. Dec. 375; Whelan v. Clock Co., 97 N. Y. 293. In such an action, proof of the express contract is relevant and material as bearing on the measure of damages. Fells v. Vestvali, *41 N. Y. 152; Ludlow v. Dole, 62 N. Y. 617. The proof, therefore, does not necessarily change the cause of action. The plaintiff sued, as the assignee of the New York Bank-Note Company, to recover the fair and reasonable value of services rendered and materials furnished at the instance and request of the defendant in and about the engraving and supply of certain bonds. Besides a general denial, the defense was that, pursuant to the terms of the contract under which it was to be done, the plaintiff's assignor was required to secure the approval of the work by a committee of the New York Stock Exchange, and that in that respect the plaintiff's assignor had failed. Upon the trial it was conceded that the plaintiff's assignor and the defendant had entered into a contract whereby the former was "to engrave on steel, and print, bind, and number, one thousand bonds, for the sum of one thousand and fifty dollars," and to "engrave a stock-certificate plate on steel," and "print, bind, and number books of five thousand certificates therefrom, for the sum of twenty-five dollars each." No question arose with regard to the plate for the stock certificates, and the supply of such certificates, these having been delivered to and accepted and paid for by the defendant.

For the plaintiff, it appeared that his assignor had caused the plate for the bonds to be engraved, the fair and reasonable value of

which work was $750, and that such assignor had likewise delivered to the defendant 150 bonds printed from the plate, the fair and reasonable value of which was 30 cents per copy. The aggregate sum, with interest, was the extent of the plaintiff's recovery. It further appeared for the plaintiff that the remaining bonds were not printed and delivered at the request and direction of the defendant. The trial court properly declined to charge, at defendant's request, that plaintiff's recovery should be limited to $45, the cost merely of the printing of 150 bonds, since the preliminary cost of engraving the plate from which the bonds were printed necessarily constituted a part of the value of the work performed by the plaintiff's assignor. The several cases cited by the defendant's counsel in support of the proposition that delivery of the plate was necessary to the plaintiff's right of recovery for the work of the engraving have reference only to contracts for the sale and delivery of chattels, while this was an action to recover for services performed and materials actually delivered. The contract in part performance of which the services sued for were rendered was constituted of the written proposal of the plaintiff's assignor, on the one hand, and of the defendant's oral acceptance, on the other. A conflict of evidence ensued respecting the terms of such acceptance. Richmond, the president of, and a witness for, the defendant, testified that it was agreed that before the defendant should be required to accept the bonds the plaintiff's assignor would secure the approval thereof by the stock exchange committee, and that the contract was made with Gray, the secretary of the plaintiff's assignor. Gray, also called as a witness for the defendant, corroborated Richmond. Kendall, however, the president of the plaintiff's assignor, and a witness for the plaintiff, testified that the contract was made by Richmond, acting for the defendant, with himself, acting for the bank-note company, and that the procurement of the approval above mentioned was neither mentioned nor acceded to. Upon this conflict it is manifest from their verdict that the jury determined the fact for the plaintiff, and, upon the question of preponderance of the evidence, the judgment of affirmance by the court below is conclusive upon us. Paige v. Chedsey, 4 Misc. Rep. 183, 23 N. Y. Supp. 879; Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996. The statement, on the letter head of the plaintiff's assignor upon which its proposal was written, that "securities engraved by this company are accepted by the New York, London, Frankfort, and Berlin Stock Exchanges, and the Paris Bourse," obviously was no part of the proposal, nor was it claimed in this action that the defendant was thereby deceived into the contract. Furthermore, there was evidence tending to show that the statement was true, but that the approval by the stock exchange committee of the work agreed to be done for the defendant was prevented by the latter's reduction of the number of bonds as first contracted for to less than 500 copies, such being the number requisite for approval. Exceptions not specifically noticed by us are not urged upon this appeal, and upon examination prove to be without merit. The judgment of the court below should be affirmed, with costs. All concur.