(43 Misc. Rep. 317.)

### KAUFMAN ADVERTISING AGENCY v. SNELLENBURGH et al.

(Supreme Court, Appellate Term.   April 13, 1904.)

1. WORK AND LABOR—QUANTUM MERUIT—GRATUITOUS SERVICES.

   Where plaintiff agreed to procure the publication of certain "write-ups" concerning defendants' business in consideration of the defendants agreeing to place their subsequent advertising for a particular period through plaintiff's agency, for which plaintiff was to receive no compensation other than prestige in his business, and defendants breached the contract by placing their advertising through others, plaintiff was not entitled to recover the reasonable value of his services in preparing and publishing the "write-ups" on a quantum meruit, in the absence of an allegation and proof that plaintiff would have gained prestige in his business, or that such prestige, if obtained, would have been valuable to plaintiff.

2. SAME—INSTRUCTIONS.

   In an action on a quantum meruit for services performed, an instruction that plaintiff is entitled to recover for any services performed for defendants' benefit, but that, before plaintiff could recover anything for services, he must show that such services would have been a benefit to defendants, was erroneous, as withdrawing from the jury every question except that of benefit to the defendants.

3. SAME.

   An instruction, in a suit on a quantum meruit, that, if the jury believed plaintiff was entitled to recover for any services he performed which were of value to the defendants, the jury might give him any sum which they considered fair and reasonable, not exceeding the amount sued for, was erroneous in failing to limit the recovery to the reasonable value of the services.

Appeal from City Court of New York. Trial Term.

Action by the Kaufman Advertising Agency against Nathan Snellenburgh and others. From a City Court judgment in favor of plaintiff, and from an order denying defendants' motion for a new trial, they appeal. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Wellman & Gooch, for appellants.
Jacoby & Dalberg, for respondent.

McCALL, J. The complaint in this action sets forth, in substance, that, the defendants being about to engage in the mercantile business, the plaintiff and the defendants entered into an agreement by the terms of which the plaintiff agreed to prepare and cause to be inserted in several of the newspapers of this city notices of the defendants' business enterprise, which notices are known as "write-ups"; that it was also agreed between the parties that, in consideration of the plaintiff preparing and procuring the publication of said "write-ups" the defendants would place all the advertisements that they might thereafter decide to insert in any newspapers published in this city through the medium of the plaintiff, and that the plaintiff would place such advertisements in said newspapers at the exact cost charged by said newspapers therefor, the consideration of so placing the advertisements was to be "the prestige that the plaintiff would obtain" by reason of the placing of the advertisements as aforesaid. In the opening of plaintiff's counsel to the jury in stating the claim of the plaintiff he said:

"In other words, the benefit which the plaintiff was to receive for the labor of preparing and securing the insertion of the 'write-ups' was not to be money, but was to be the placing of the important advertising business of the defendants. The benefit to the plaintiff from this would be obvious. It would be the prestige of handling the important advertising business of the defendants for a period of six months. * * * The plaintiff would get no money out of this transaction, but simply the benefit of its business on account of the prestige of handling this vast amount of advertising."

The breach of this contract was alleged to be the refusal of the defendants, after the plaintiff had prepared and obtained the insertion of the "write-ups," to allow the plaintiff to place its subsequent advertising. Plaintiff claimed that by defendants' refusal as aforesaid it was entitled to recover the value of the services in "writing up" the defendants' business. The theory of the plaintiff is that, notwithstanding the agreement upon its part that its services to defendants should be rendered gratuitously, and that it was to receive no compensation "other than prestige" if it had been allowed to fully perform its contract, the defendants having been guilty of a breach of the contract, the plaintiff can recover for the work actually done before such breach; and this not upon the contract itself, but upon a quantum meruit for the reasonable value of the services actually rendered. The plaintiff has furnished us with no authority in support of such a proposition. The cases relied upon and cited by the plaintiff simply hold that when a person renders services to another, to be paid for, not in money, but in goods or some other thing, and the person for whom the services are rendered refuses to fulfill the contract, an action can be maintained for the services rendered. Those cases do not apply. The alleged contract on the part of the plaintiff herein was simply an agreement on plaintiff's part to do certain work for the defendants for nothing in consideration of being allowed to do certain other work for nothing. A right of action upon a quantum meruit presupposes an express or

implied promise to pay for the services rendered; but the plaintiff's action cannot be maintained upon that theory, for not only has he not set up a quantum meruit, but the agreement which he does set forth expressly precludes the theory that there was any promise to pay for the services, and alleges that such services were to be rendered gratuitously. There is neither allegation nor proof that plaintiff would have gained prestige in his business, or that such prestige, if obtained, would have been valuable to it had it been allowed to place the defendants' advertisements. The agreement on the part of the plaintiff to perform all the services called for by the contract without compensation extended to every portion of such work, and the only consideration for the contract was the prestige derived from the performing of such services; and, in the absence of allegation and proof that such prestige would have been gained, and was of value, the plaintiff cannot recover.

Judgment and order reversed, and new trial ordered, with costs to the appellants to abide the event.

FREEDMAN, P. J. (concurring). If this action could be maintained upon a quantum meruit for services rendered, the judgment should be reversed, and a new trial ordered, for the errors in the charge pointed out by Mr. Justice GIEGERICH. Another reason, leading to the same result, would be that upon the issue submitted to the jury whether, after advertising rates had been submitted by the plaintiff, the defendants secured the same advertisements to be published in the same papers at lower rates, which issue was submitted with the instruction that, if the jury should determine it in favor of the defendants, the plaintiff was not entitled to recover for any services performed, the weight of evidence appears to have been in favor of the defendants. But I am of the opinion that the action cannot be maintained as brought. True, ordinarily a plaintiff, who, after partial performance, was prevented by the defendant from fully performing, may elect to sue either for damages or upon a quantum meruit for what he actually did. But in the case at bar, which is so exceptional that no case like it has been found, the plaintiff precluded itself by express contract from having its services treated as of any value in a legal sense. The plaintiff expressly agreed to render them for nothing in consideration of being permitted to place defendants' advertisements without the slightest pecuniary benefit to itself, and that prestige should be its only reward. As damages to be recoverable after breach of a contract must always be such as may be fairly deemed to have been within the contemplation of the parties, it follows that in this case plaintiff's only remedy is to sue for damages for loss of prestige, if any. No such claim was pleaded or proved. An attempt, after partial performance, to recover upon a quantum meruit, is, after all, only an attempt to recover compensation for something which, within the contemplation of the parties, had a pecuniary value. I therefore concur with Mr. Justice McCALL that the action, as brought, cannot be maintained.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellants to abide the event.

GIEGERICH, J. (concurring).   The action is to recover upon a quantum meruit for services rendered under an agreement alleged in the complaint to have been made on or about April 3, 1901, between the plaintiff, a domestic corporation, and the defendants, copartners, engaged in business under the firm name or style of N. Snellenburgh & Co., by which the former agreed to prepare and to procure to be inserted in various daily newspapers published in the city of New York notices, or so called "write-ups," to the effect that the defendants were about to open an establishment in the borough of Manhattan, city of New York.   The complaint further alleges that, in consideration of the plaintiff preparing and securing the insertion in the aforesaid newspapers of the aforesaid "write-ups," the defendants agreed to place all advertisements that they might decide to insert in any newspapers published in the city of New York through the medium of the plaintiff, and that it was further mutually agreed, "in consideration of the prestige the plaintiff would obtain through placing the advertisements aforesaid," it would charge the defendants "no more than the amounts actually to be paid by the plaintiff to said newspapers as the fee or charge of said newspapers for the publication of the said advertisements," and that the plaintiff would charge the defendants nothing for preparing and securing the insertion of the "write-ups" as aforesaid.   The complaint further alleges performance of all the conditions on its part, and the devotion of time and attention to preparing and inserting the "write-ups" aforesaid, and the plaintiff's willingness and ability and offer to attend to the placing and insertion in the newspapers of the advertisements aforesaid; but that the defendants failed and refused to perform any of the terms of the agreement on their part, but, on the contrary, advertised extensively in various daily newspapers in the city of New York for a period of six months, beginning about May 1, 1901, but placed said advertisements through the medium of parties other than the plaintiff.   The closing paragraph of the complaint is as follows:

"(5) That the plaintiff, in preparing and obtaining the 'write-ups' aforesaid, was put to great trouble and labor, and in particular the president of the plaintiff expended in the said work a great deal of his time and energy.   That the reasonable value of the aforesaid services rendered by the plaintiff to the defendant is not less than the sum of $1,500."

The answer denies all the material allegations of the complaint, except the allegation that the defendants advertised extensively in various daily newspapers in the city of New York, and that they did not place said advertisements, or any of them, through the medium of the plaintiff, which latter allegations are expressly admitted.   The plaintiff adduced testimony in support of the allegations of the complaint, while the defendants gave testimony tending to show that the rates quoted by the plaintiff were much higher than they were then actually paying for their advertising, which testimony was, however, contradicted by the plaintiff's president in rebuttal.   The jury brought in a verdict in favor of the plaintiff for $250, and from the judgment entered thereon the defendants have appealed.

The point argued most strenuously for a reversal of the judgment is that the plaintiff failed to plead or to prove any pecuniary loss

through the alleged breach of contract, and, consequently, that it was not entitled to anything more than nominal damages. This argument proceeds upon a mistaken view of the theory of the action, which is not brought to recover damages for a breach of contract, as the appellants assume, but, as already stated, to recover the reasonable value of services performed. The plaintiff was not restricted to the first-mentioned form of action, but could, under the circumstances, waive the contract, and bring an action to recover on a quantum meruit the value of the services rendered. Clark v. The Mayor, 4 N. Y. 338, 53 Am. Dec. 379; Purdy v. Nova Scotia R. & I. Co., 11 Misc. Rep. 406, 32 N. Y. Supp. 157, and citations. It is true that the circumstances of the making of the original contract are set forth in the complaint at length, but they are set forth only for the purpose of showing the circumstances of the plaintiff's employment. The theory of the complaint is clearly set forth in the last paragraph, above quoted, and that it was understood upon the trial is apparent from the judge's charge, in which he, among other things, said to the jury: "You are to understand in this case that the plaintiff is not suing for damages for the loss of services occasioned to the plaintiff by reason of his contract not being carried out. * * *" And again, later in the charge: "The plaintiff sues to recover $1,500, and if you believe he is entitled to recover for any services he performed, and which were of value to the defendants, then you have a right to give him any sum which you consider fair and reasonable within those figures, but not exceeding $1,500." Viewing the action, then, as one upon a quantum meruit, rather than for a breach of contract, I cannot agree with the proposition that, in order to recover, the plaintiff must show the value of the prestige which it was agreed in the contract of employment should be the consideration it would receive. If the plaintiff were attempting to recover damages for a breach of the contract—that is to say, for the loss of this prestige—it would, of course, be incumbent upon it to prove the amount of that loss. But, since the purpose of the action is to recover the reasonable value of the services performed, it is difficult to see why there should be any allegation or proof of the money value of such prestige. The parties mutually agreed at the time of the contract to regard such prestige as a sufficient consideration, and neither should now be allowed to go into the question of the value of that consideration. If the contention of the appellants in that regard is that the consideration stated cannot be regarded as sufficient to support a contract unless its money value to the plaintiff is shown, then that contention is clearly wrong. In Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256, 12 L. R. A. 463, 21 Am. St. Rep. 693, the question arose whether the agreement of a nephew to refrain from drinking liquor, using tobacco, swearing, and playing cards or billiards for money until he should become 21 years of age, and the performance of that agreement, entitled him to recover the sum of $5,000 promised him by his uncle in consideration of his abstinence from the habits and practices mentioned. The question in the case was whether there was any consideration to support the contract, and in the course of its discussion the court said at page 545, 124 N. Y., page 257, 27 N. E., 12 L. R. A. 463, 21 Am. St. Rep. 693:

"A valuable consideration, in the sense of the law, may consist either in some right, interest, profit, or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other. Courts 'will not ask whether the thing which forms the consideration does in fact benefit the promisee or a third party, or is of any substantial value to any one. It is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made as consideration for the promise made to him,' Anson's Prin. of Con. 63. 'In general, a waiver of any legal right is a sufficient consideration for a promise.' Parsons on Contracts, 444. 'Any damage, or suspension, or forbearance of a right will be sufficient to sustain a promise.' Kent, vol. 2, *465 (12th Ed.)."

And again, at page 546, 124 N. Y., page 257, 27 N. E., 12 L. R. A. 463, 21 Am. St. Rep. 693:

"Consideration means not so much that one party is profiting as that the other abandons some legal right in the present or limits his legal freedom of action in the future as an inducement for the promise of the first."

Under these principles I think it is plain beyond question that the promise of the defendants to allow the plaintiff to insert all of the advertisements which they might have occasion to make was such a restriction upon their legal right as to constitute a good and valid consideration, and whether it was or was not of any value to the plaintiff to have such exclusive right of handling the advertisements is entirely immaterial.

Assuming, then, that, in order to recover the reasonable value of the services performed, it was necessary for the plaintiff to show an engagement by a valid and enforceable contract, I think such engagement was shown by the mere terms of the contract itself. On behalf of the appellants it is also argued that a quantum meruit presupposes an implied promise to pay the reasonable value of the services rendered, and that no recovery can be had where the evidence shows that the services were, as in the case at bar, not to be paid for. The fallacy in this argument is more clearly apparent in another part of the appellants' brief, where it is said that the alleged contract "was simply an agreement on the plaintiff's part to do certain work for the defendants for nothing, in consideration of being allowed to do certain other work for nothing." This argument assumes that the consideration, namely, the privilege of having all the advertisements inserted through the medium of the plaintiff, was worthless pecuniarily. As above pointed out, we do not think it would make any difference in this case whether the consideration was pecuniarily of value or not. If any assumption is to be made, however, it should be that the privilege was of money value. But to enter into this inquiry in every litigation of this character would be intolerable. The case of Ketchum v. Van Dusen, 11 App. Div. 332, 42 N. Y. Supp. 1112, which the appellants' counsel seek to distinguish and to set up as an authority in favor of their contention, well illustrates the impracticability of entering into an inquiry in such cases as this concerning the value of the consideration promised in the agreement which the defendant has broken. In that case the plaintiff agreed to render services on the defendant's farm in consideration of receiving a written lease thereof, on terms which were specified, and a conditional renewal of the lease, and a future grant of the demised premises. Upon the defendant's failure to per-

form, the plaintiff sued for the reasonable value of his services, and the court held that such an action could be maintained. It is obvious that it would' have been as ineffectual in that case as it would be in this to go into the question of whether it would have been a benefit to the plaintiff or a detriment to enter into a contract on the terms proposed. It would be a startling doctrine if, when the aggrieved party in such cases comes into court complaining of the defendant's breach of an agreement, and seeks to recover for services so far as performed, the delinquent defendant can be permitted to require the plaintiff, as a condition to recovering anything, to prove that the original contract would have been an advantageous one for him if he had been permitted to perform it. There are authorities which hold that where, in an action for services, the complaint seeks to recover, not on a special contract, but on a quantum meruit, and on the trial the only evidence of value is the sum agreed to be paid, such sum, in the absence of other evidence, becomes the measure of damages the plaintiff is entitled to recover. Ludlow v. Dole, 62 N. Y. 617; Cunningham 'v. Doyle, 5 Misc. Rep. 219, 25 N. Y. Supp. 476; Purdy v. Nova Scotia Midland R. & I. Co., supra. Such cases do not apply here, however, for two reasons: First. The compensation agreed to be given to the plaintiff was not money, but a privilege, and consequently could not, in any event, afford a measure for determining the money value of the work performed. In the second place, there is not here an absence of other evidence, but, on the contrary, direct testimony was given as to the reasonable worth of what was done.

There remain to be considered two alleged errors in the judge's charge, as follows:

"The plaintiff is entitled to recover in this action for any services which he may have performed for the defendants' benefit, but, before he can recover anything for services, the plaintiff must show that such services would have been a benefit to the defendant." And: "The plaintiff sues to recover $1,500, and if you believe he is entitled to recover for any services he performed, and which were of value to the defendant, then you have a right to give him any sum which you consider fair and reasonable within those figures, but not exceeding $1,500."

Both these portions of the charge were specifically excepted to, and, in my opinion, require a reversal. It may be that the error in the first portion, which took away from the jury every question except whether the services were of benefit to the defendants, was cured by the later portion, which left it for them to determine whether the plaintiff was entitled to recover for any services it performed. The last instruction quoted, however, namely, that the jury had a right to give the plaintiff any sum less than $1,500 which they considered fair and reasonable, was clear error, and was not cured by anything later. In fact, it was the last word of the court to the jury. The latter were to determine, of course, not what was fair and reasonable, but what was the fair and reasonable value of the services performed. For this error the judgment and order must be reversed, and a new trial ordered, with costs to the appellants to abide the event.

Judgment and order reversed, and a new trial ordered, with costs to the appellants to abide the event.