(46 Misc. Rep. 321.)

## NILES v. SIRE et al.

(Supreme Court, Trial Term, New York County. February, 1905.)

1. PAROL EVIDENCE—INCOMPLETE CONTRACT.

Where the terms of a written contract were incomplete and not set forth with precision, parol evidence was admissible to show the nature of the agreement.

2. SALE—ACTION FOR PRICE.

In an action to recover for goods sold on a quantum meruit, on evidence of delivery and breach by defendant of his written contract relating thereto, plaintiff can recover the agreed price.

3. SAME—EVIDENCE.

Plaintiff entered into a written contract for an advertisement in theater programs at a specified weekly sum, "to apply on % of hat order on other side." Defendants agreed on the back of said contract, in writing, to give an order for hats for dramatic production, at $22 per hat, as per a design shown. Held, in an action on quantum meruit for goods sold and delivered, plaintiff could show by parol that his agreement was to furnish about 150 hats, of various values, at an average price of $22 per hat, to be paid for one half on delivery, and the other half to apply to the advertising contract, but he did not obtain the designs so as to make the hats of the lesser value, and that he was not paid for the 63 hats delivered.

Action by E. Ellsworth Niles against Henry B. Sire and others. Judgment for plaintiff. Motion to set aside verdict and for a new trial denied.

Clarence De Witt Rogers, for plaintiff.
Franklin Bien, for defendants.

CLARKE, J. Motion to set aside a verdict and for a new trial. Action for goods sold and delivered upon a quantum meruit. Plaintiff is a milliner. Defendants were theatrical managers, engaged in producing "The Hall of Fame." They were also two of the three incorporators of the New York Program Advertising Company. The agent of that company solicited the advertising of plaintiff for the programs of certain theaters published by it. An agreement in writing was entered into, which upon its face was a

contract for the insertion of plaintiff's advertisement in said programs for 40 weeks at $30 a week. It was signed by the agent for plaintiff and by the agent of the company. It contained, among other things, on its face, after describing the size of the advertisement and the theaters, "for which I agree to pay the sum of thirty dollars per week, payable to apply on % of hat order on other side." On the back was written:

"In consideration of Niles giving this advertisement Messrs. Sire Bros. agree to give Niles the order to make hats for the Hall of Fame production, which Niles are to charge Sire Bros. $22.00 per hat. Hats to be furnished as per design shown.　　　[Signed] C. F. Zittel for N. Y. Program Ad. Co."

The evidence abundantly justified the finding of the jury that the agent of the Program Company was the agent also of the defendants. The plaintiff furnished and the defendants received 63 hats, which were used all through the time of the running of the production in the city and on the road, and are still in defendants' possession; many of them being produced upon the trial. It will be noticed that the agreement as to the hats is incomplete. It is not an entire contract. The number of the hats is not specified. The time of delivery is not set forth, nor the total amount stated, nor the time of payment indicated. On the face of the contract the language is as to advertising agreement, "to apply on % of hat order on other side," and on that side the language is, "which Niles are to charge Sire Bros. $22.00 per hat." Being an incomplete contract—its terms not being set forth with precision—obviously evidence was admissible to prove what the agreement was. Emmett v. Penoyer, 151 N. Y. 564, 45 N. E. 1041, was an action to recover a portion of the purchase price of certain goods. The court said:

"Where the paper appears to be incomplete in any respect, or where words and phrases used, in their application to the agreement of which they form a part, are ambiguous or unintelligible, parol proof is admissible to supply the incomplete term, to aid in the interpretation and to explain what is obscure or doubtful. * * * Since the intention could not be determined from the writing alone, all the facts and circumstances attending the execution could be resorted to, and it was then for the jury to find whether the figures represented the whole purchase price, or only part of it. Our conclusion is that, whether this paper be regarded as incomplete, ambiguous, or unintelligible, the ruling of the learned trial judge was correct."

Cited with approval, Underwood v. Greenwich Ins. Co., 161 N. Y. 424, 55 N. E. 939:

"A writing which upon its face appears to be so informal and incomplete that it can scarcely be said to express a distinct idea without the aid of extraneous proof of some kind is open at the trial to parol proof, in order to show the design and purpose of the parties when it was delivered."

Parol evidence was therefore properly admitted in the case at bar to show what the agreement really was between the parties. The plaintiff gave evidence tending to show that the agreement was to furnish 125 to 150 hats of various kinds and values, of which 63 were to be much more costly than the rest, and that an average price at $22 was fixed; that they were to be paid for one half on delivery and the remaining half to be applied to the advertising contract; that he was not permitted to have the designs so as to

make the hats of lesser value, and that he was not paid on delivery for the 63 hats, nor at any time, though often promised payment; and that after this breach on defendants' part he countermanded the order for advertising, and brought suit for the hats delivered, as for goods sold and delivered, upon the quantum meruit.

Defendants claim that, having proved the written instrument, plaintiff is not entitled to recover upon the complaint in suit. In Baumann v. Manhattan Consumers' Brew. Co., 97 App. Div. 470, 89 N. Y. Supp. 1088, the court held that where the complaint counts upon a special contract, and the plaintiff fails in establishment of the same, but does show that in fact services were rendered, he may recover upon a quantum meruit. If he can recover, though he has pleaded the contract, he certainly can recover when he sues directly on the quantum meruit, and shows the breach by defendant. Wright v. Reusens, 133 N. Y. 305, 31 N. E. 215, holds that when, by the default of the defendant in making payments, performance was prevented by the plaintiff, he may recover in a proper action the value of the work performed and the materials furnished. Mr. Justice Bischoff, writing the opinion of the General Term of the Common Pleas in Purdy v. Nova Scotia, M. R. & I. Co., 11 Misc. Rep. 406, 32 N. Y. Supp. 157, said:

"An action to recover upon a quantum meruit for the work actually done, and the materials actually furnished, will lie against one who has waived or prevented full performance of an express contract for services by the other of the contracting parties. In such an action proof of the express contract is relevant and material, as bearing on the measure of damages. The proof therefore does not necessarily change the cause of action."

To the same effect, Simmons v. Ocean Causeway, 21 App. Div. 30, 47 N. Y. Supp. 360; O'Dwyer v. Smith, 38 Misc. Rep. 136, 77 N. Y. Supp. 88.

As the case was properly brought, and the evidence objected to properly admitted, the verdict of the jury was warranted, and the motion is denied. Judgment may be entered on the verdict, with 5 per cent. allowance. Stay of 10 days after entry thereof, and 30 days to make a case.

Ordered accordingly.