■ In the Matter of the Arbitration between ALLCITY INSURANCE COMPANY, Appellant, and JEFF DEVOE et al., Respondents.— Judgment, Supreme Court, New York County, entered on June 7, 1972, which held a disclaimer of respondent Fireman's Fund American Insurance Company valid, affirmed. Respondent Fireman's Fund American Insurance Company shall recover of appellant $40 costs and disbursements of this appeal. Mrs. Robinson transferred ownership of her automobile to her stepfather-in-law, Mr. Raymond Fuller. Mrs. Robinson had been insured by Fireman's Fund American Insur-

ance Company (Fireman's Fund), but Mr. Fuller had no insurance at all, Mr. Fuller drove the car away after the sale though he had no license and had purchased no insurance coverage. The automobile subsequently was involved in an accident with a car driven by Jeffrey Devoe. Allcity Insurance Company applied for a stay of arbitration which was granted to the extent of directing a hearing on the preliminary issue of noninsurance. Determination of this preliminary issue required resolution of the propriety of the disclaimer of Fireman's Fund. This disclaimer in turn hinged on whether or not ownership of the automobile was transferred to Mr. Fuller prior to the accident. The hearing resulted in a finding that Fireman's Fund properly disclaimed liability and that, therefore, the offending vehicle was uninsured at the time of the accident. Allcity Insurance Company, Devoe's insurer, was directed to proceed to arbitration. The main evidence at the hearing which might have indicated that no transfer occurred was that of a police officer who was present at the scene of the accident. However, he testified that though he recorded Mrs. Robinson as the owner of the offending vehicle, his prime concern was ascertaining that the vehicle was not stolen. He admitted that he did not interview Mrs. Robinson. Furthermore, he admitted that he did not investigate whether or not a transfer of ownership had occurred. This presents, therefore, solely a question of credibility. It has been traditionally held that, when truth hangs upon the credibility of witnesses, the findings of the trier of the facts should be given the greatest weight. (*Amend* v. *Hurley*, 293 N. Y. 587, 594; *Kelly* v. *Watson Elevator Co.*, 309 N. Y. 49, 51; *Electrolux Corp.* v. *Val-Worth, Inc.*, 6 N Y 2d 556, 566; *Wallwork* v. *New York Life Ins. Co.*, 38 A D 2d 804.) Affirmance of the determination of the trial court is in consonance with this principle. Concur — McGivern, J. P., Lane and Tilzer, JJ.; Kupferman and Murphy, JJ., dissent in the following memorandum by Murphy, J.: We dissent. This proceeding involves the validity of a disclaimer of coverage by respondent Fireman's Fund American Insurance Company ("Fireman's Fund"), which company, at least until September 6, 1968, insured, under an assigned risk policy, a 1961 Oldsmobile owned by one Bettie Robinson. Two days later that vehicle, driven by Mrs. Robinson's stepfather-in-law, Raymond Fuller (who was then unlicensed), was involved in an accident with a vehicle owned by respondent Annie Devoe and insured by petitioner. The records of the State Department of Motor Vehicles indicate that Fireman's Fund's coverage on the Oldsmobile continued until September 17, 1968, when it was transferred to another automobile. At the hearing held below a police officer testified that his inspection of the registration stub disclosed no indication of any transfer recorded thereon. Fuller claimed he purchased the car from Mrs. Robinson on September 6, 1968, when he made his second $100 payment. Fuller's contention was supported by Mr. & Mrs. Robinson. The Trial Justice held that a sale had occurred on September 6. We find the evidence adduced insufficient to sustain such finding. While we recognize that the presumption of continued ownership of a vehicle may be rebutted by the testimony of interested witnesses (*Bornhurst* v. *Massachusetts Bonding & Ins. Co.*, 21 N Y 2d 581), we nevertheless believe it was not overcome in this case. In our view, the Trial Judge failed to give proper credit to the testimony of the investigating police officer and the report he made in the regular course of his duties (cf. *Matter of Allstate Ins. Co. [Oberfast]*, 36 A D 2d 708). Accordingly, the order and judgment (one paper) appealed from should be reversed and the motion to permanently stay arbitration granted.