HAROLD J. EMMETT, Appellant, *v.* WILLIAM J. PENOYER, Respondent.

EVIDENCE — IMPERFECT EXPRESSION OF CONSIDERATION, IN WRITTEN CONTRACT OF SALE, AIDED BY PAROL PROOF. If, in an action to recover the purchase price of property delivered to the purchaser under an executory contract of sale, in writing, the writing appears to be incomplete in respect to the amount, or manner of payment, of the consideration, or words or figures are used which, in their application to the agreement of which they form a part, are ambiguous or unintelligible for the purpose of expressing the consideration, parol proof is admissible to supply the incomplete term, to aid in the interpretation and to explain what is obscure or doubtful.

*Emmett* v. *Penoyer*, 76 Hun, 551, reversed.

(Argued January 25, 1897 ; decided February 2, 1897.)

APPEAL from an order of the General Term of the Supreme Court in the fifth judicial department, entered May 21, 1894,

which reversed a judgment in favor of plaintiff entered upon a verdict and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Van Voorhis* for appellant.   The instrument in suit was imperfect and incomplete, and it was proper to introduce parol evidence to explain or complete it. (*Potter* v. *Hopkins*, 25 Wend. 417; *Grierson* v. *Mason*, 60 N. Y. 394; *Chapin* v. *Dobson*, 78 N. Y. 74; *Filkins* v. *Whyland*, 24 N. Y. 344; *Allen* v. *Pink*, 4 M. & W. 140; *Huson* v. *Henderson*, 1 Foster, 224; *Juilliard* v. *Chaffee*, 92 N. Y. 529; *Eighmie* v. *Taylor*, 98 N. Y. 288; *Brigg* v. *Hilton*, 99 N. Y. 517; *B. & S. Co.* v. *S. R. P. & P. Co.*, 135 N. Y. 626; *Schmittler* v. *Simon*, 114 N. Y. 176.)   Parol evidence is competent to show a consideration in addition to or different from that expressed on the face of a written contract. (*Barker* v. *Bradley*, 42 N. Y. 320; *McKinster* v. *Babcock*, 26 N. Y. 380; *M'Crea* v. *Purmort*, 16 Wend. 460; *Bowen* v. *Bell*, 20 Johns. 338; Browne on Parol Evidence, §§ 31, 92; *Wells* v. *Wells*, 8 App. Div. 422.)

*Isaac N. Miller* for respondent.   Oral evidence contradicting the written contract was inadmissible. (7 Am. & Eng. Ency. of Law, 91; *Case* v. *P. B. Co.*, 134 N. Y. 81; *Engelhorn* v. *Reitlinger*, 122 N. Y. 76; *Thomas* v. *Scutt*, 127 N. Y. 133; *Schmittler* v. *Simon*, 114 N. Y. 176; *Snowden* v. *Guion*, 101 N. Y. 458; *Eighmie* v. *Taylor*, 98 N. Y. 288; *Wilson* v. *Deen*, 74 N. Y. 531; *Johnson* v. *Oppenheim*, 55 N. Y. 280; *Moores* v. *Glover*, 13 N. Y. Supp. 565; *Marsh* v. *McNair*, 99 N. Y. 174.)

O'BRIEN, J.   This was an action to recover a portion of the purchase price of certain goods and fixtures in a store which were sold by the plaintiff to the defendant.   The complaint alleges that the sale was made by agreement of the parties on or about the 28th day of December, 1891; that the defendant, in consideration of the sale, was to surrender to the plaintiff

certain notes which he held against him and was to pay to the plaintiff in addition the sum of $1,000 as soon as he could dispose of the property; that the defendant did dispose of the property on or about the first day of March, 1892, and that thereupon the sum of $1,000 became due to the plaintiff.

The defendant's answer admits the purchase from the plaintiff of the property and the subsequent sale of the same to a third party, and denies all the other allegations of the complaint. The answer then alleges new matter by way of counterclaim.

At the trial the plaintiff was sworn as a witness in his own behalf, and testified that the contract of sale to the defendant was in writing. He produced the writing, of which the following is a copy:

"W. J. Penoyer bought of H. J. Emmett the marble counters, marble floor, glass and silver show case, desks, mirrors and all personal property bought of W. J. Penoyer, besides all drugs, medicines and all personal property now in said store, No. 309 Fourth avenue, N. Y., it being a part originally bought of W. J. Penoyer, and since purchased, $2,500.

"NEW YORK, *Dec.* 10, 1891.

"Witness: (Signed)  H. J. EMMETT.
   "W. R. HITCHCOCK."

The plaintiff was then asked by his counsel what the defendant was to pay him for the property. The defendant's counsel objected to the question upon the ground that the consideration was expressed in the writing. The court overruled the objection and the defendant's counsel excepted.

The plaintiff then gave oral testimony tending to prove the allegations of the complaint, namely, that the real consideration of the sale, or the price the defendant agreed to pay, was $3,500; that is to say, $2,500 of plaintiff's notes held by the defendant and which were to be surrendered, and $1,000 in cash which the defendant was to pay the plaintiff when he made sale of the property to some third party.

There was some conflict of testimony as to what the parties actually agreed upon and intended, and the court submitted the question to the jury, and a verdict was found in favor of the plaintiff. The General Term affirmed the verdict of the jury upon the facts, but reversed the judgment upon the exception taken to the admission of the parol proof of consideration. The appeal, therefore, presents the single question whether the ruling of the trial judge as to the admissibility of this proof was error.

There are no doubt many cases where the consideration expressed in a deed, a receipt, and perhaps other instruments, is open to parol proof. Many of these cases are referred to in the learned opinion below. They embrace numerous exceptions to the general rule which forbids the parties to vary or change any of the terms of the writing by oral testimony. Where the consideration is expressed, and that part of the instrument is in the nature of a receipt or acknowledgment that it has been paid, the amount, whether more or less, is generally open to parol proof. But, without further reference to this class of cases, it may be safely asserted that in an action to recover the purchase price of property delivered to the purchaser under an executory contract of sale, in writing, expressing the conisderation or stating the purchase price, that part of the agreement is as conclusive upon the parties as any other term of the contract. It is in that respect, as well as in every other, deemed to be the final repository and evidence of the mutual obligations into which the parties have entered and have consented to be bound. The rule does not, of course, apply where it has been shown that fraud, mistake or duress have intervened, nor where the writing, upon inspection, appears to contain but a part of the agreement, and is in that respect imperfect or incomplete upon its face.

But where the paper appears to be incomplete in any respect, or where words or phrases used, in their application to the agreement of which they form a part, are ambiguous or unintelligible, parol proof is admissible to supply the incomplete term, to aid in the interpretation and to explain what is

obscure or doubtful. These principles are familiar and are illustrated by numerous cases, to some of which it will be sufficient to refer without further comment. (*Eighmie* v. *Taylor*, 98 N. Y. 288; *Corse* v. *Peck*, 102 N. Y. 513; *Engelhorn* v. *Reitlinger*, 122 N. Y. 76; *Thomas* v. *Scutt*, 127 N. Y. 133; *Case* v. *P. Bridge Co.*, 134 N. Y. 78; *Brigg* v. *Hilton*, 99 N. Y. 517; *Schmittler* v. *Simon*, 114 N. Y. 176; *Bagley & Sewall Co.* v. *Saranac R. P. & P. Co.*, 135 N. Y. 625; *Routledge* v. *Worthington Co.*, 119 N. Y. 592; *Chapin* v. *Dobson*, 78 N. Y. 74; *Potter* v. *Hopkins*, 25 Wend. 417.)

The learned court below has assumed that the paper in question is evidence of a complete and perfect contract of sale, in which the price or consideration is expressed, and, if the premises from which the argument and final conclusion proceed be admitted, the result is, doubtless, correct. We are constrained, however, to differ from the learned court below ·with respect to the character and legal effect of the instrument in question as a contract. It does not appear upon inspection to be such a complete and perfect contract as to be conclusive upon the plaintiff with respect to the consideration. It belongs, we think, to the class of contracts where the parties have failed to state in any intelligible manner what the purchase price of the property was, and, hence, parol proof on that point was admissible. The figures and characters at the end of the paper do not necessarily import that the purchase price agreed upon was $2,500. In order to arrive at that conclusion some words must be supplied which the parties have not used. It does not state the price at all in any appropriate or intelligible terms. The contents of the paper are not inconsistent with the plaintiff's claim with respect to what the agreement really was, and the parol proof given did not contradict the writing within the meaning of the rule though it did explain it. If the defendant, when he drew the paper, as he did, had placed the figures at the top instead of at the end, they would be just as intelligible as they are now.

The obligation to pay the further sum of $1,000 depended upon the contingency of a resale by the defendant, and it may

very well be that he omitted for that reason to insert in the writing a condition of the sale that might or might not become operative.

The characters and figures are not so connected with the words in the body of the paper as to warrant a court in holding as matter of law that they import the consideration for the sale or express the price to be paid. They may, it is true, have been intended for that purpose, but it is just as reasonable to suppose that they were intended only to denote the amount in notes which the defendant was to surrender to the plaintiff, which was but a part of the consideration.

There can be no doubt that the instrument was open to parol proof as to the manner in which the consideration was to be paid, whether in cash or by the surrender of the seller's notes, and this for the reason that the writing contained no stipulation on that point. For the same reason proof was competent to show the amount of the consideration. It may be, and probably is, impossible to affirm with any degree of confidence what the figures mean, but that is the reason why oral testimony was admissible to explain terms which in themselves expressed no intelligible idea. It is not necessary to account for the use of the terms or to ascertain the purpose for which they were used. It is enough if we can fairly say that they do not express the idea that the price to be paid for the property was $2,500 and no more.

At most it was a question as to what the parties intended by the use of such characters and figures. They were so placed with reference to the rest of the writing that they expressed no definite thought or idea and were unintelligible. This presented a case for parol proof to aid the jury in ascertaining what the parties really agreed upon. Since that could not be determined from the writing alone, all the facts and circumstances attending the execution could be resorted to, and it was then for the jury to find whether the figures represented the whole purchase price or only a part of it. Our conclusion is that, whether this paper be regarded as incomplete,

72

ambiguous or unintelligible, the ruling of the learned trial judge was correct and that the exception was untenable.

The judgment of the General Term should be reversed and that entered upon the verdict affirmed, with costs in all courts to the plaintiff.

All concur, except Haight, J., not sitting.

Judgment accordingly.

---

The People of the State of New York ex rel. Bernard Ritzenthaler, as Overseer of the Poor, Respondent, *v.* Edward F. Higgins, Impleaded, etc., Appellant.

1. Bastardy Proceedings — Action on Adjournment Bond — Defenses.  In an action upon a bastardy proceeding adjournment bond, a defendant surety is not only entitled to insist that he shall not be held liable except according to the very terms of his obligation, but he may also defend upon the ground that the instrument was not given according to the requirements of the statute, and that the officer who took it was without jurisdiction.

2. Application of Code of Criminal Procedure.  A general provision of the Code of Criminal Procedure regulating the procedure in bastardy proceedings is not to be deemed modified or changed in its application to a particular locality of the state by words of doubtful import relating to another subject.

3. Adjournments — Municipal Court of Rochester.  The provisions of section 849 of the Code of Criminal Procedure, which contemplate but one adjournment of a bastardy proceeding, and that upon application of the defendant for good cause shown, and then not exceeding thirty days, are not to be deemed enlarged by the provisions of the charter of the city of Rochester (L. 1890, ch. 561, § 245, subd. 15) in reference to such proceedings in the Municipal Court of that city.

4. Adjournment Bond — Non-liability of Surety in Case of Successive Preliminary Adjournments.  Under a bond given to obtain the adjournment of a bastardy proceeding in the Municipal Court of the city of Rochester, conditioned, in accordance with the wording of the provisions of the city charter relating to such proceedings in that court, that the defendant shall appear at the adjourned time "and at such other time or times to which adjournments may be had, for the purposes of the examination and determination," the obligation of a surety does not extend to further successive adjournments taken, without an examination having been commenced, by consent of the parties to the proceeding, for their own convenience, without the consent of the surety.