ALFRED H. NEWBURGER et al., Appellants, *v.* AMERICAN SURETY COMPANY, Respondent.

Appeal — landlord and tenant — contract — evidence — specific performance — Frauds (Statute of) — Court of Appeals still precluded on appeal from unanimous affirmance from examining record to determine whether evidence supports findings of fact — parol evidence not admissible to vary unambiguous terms of written agreement — action for specific performance of agreement to lease — where writings absolute on their face, evidence that plaintiffs, several weeks before they were made, were willing to take an option, should have been excluded — sufficiency of writings consisting of two letters to constitute a contract enforcible as an agreement to lease — not necessary that both parties should sign — acceptance and action upon written agreement sufficient to bind — rights and duties of parties under agreement not affected by subsequent disputes.

1. Although the amended Judiciary Article of the Constitution, in effect January 1, 1926, withdraws the constitutional limitation precluding the Court of Appeals, on appeal from an unanimous affirmance,

from examining the record to determine whether there is evidence tending to support the findings of fact, it remains in the Civil Practice Act (§ 589) until repealed, as a proper exercise of the constitutional power of the Legislature further to restrict the jurisdiction of the Court of Appeals. But the court has power, notwithstanding the unanimous affirmance, to examine the record in order understandingly to review the rulings of the court on the admission of evidence and the exceptions taken thereto and the construction of writings uncontradicted except by incompetent evidence is a question of law which survives the unanimous affirmance.

2. Parol evidence may not be received to vary the clear and unambiguous terms of a solemn written agreement as between the parties although matters may be proved which tend to show fraud, mistake, illegality, want of consideration, lack of capacity or any other matter affecting the validity of the writing or to establish the existence of any separate oral agreement as to any matter on which the document is silent, and which is not inconsistent with its terms, where from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them; or to establish a condition precedent to the attaching of an obligation under the contract.

3. Where, therefore, in an action for specific performance of an agreement to lease, the writings on which plaintiffs rely are absolute, on their face, with no suggestion of an option, evidence that, several weeks before their making, plaintiffs were willing to take an option, should have been excluded as not connected with or competent to vary the subsequent writings in any way.

4. The writings, consisting of two letters signed by defendant's vice-president, the first accepting plaintiffs' offer of rental " for a new lease, in our usual form " for a period of five years and the second definitely providing as to the space to be allotted them, location, expense of moving, fittings and service, constitute a contract definite and complete, which by its terms is enforcible as an agreement for a lease. It was not necessary that both parties should sign to make it an agreement in writing. Plaintiffs performed on their part by vacating their old offices and taking the space assigned to them and having accepted the written agreement and acted upon it are bound thereby. Disputes which have arisen subsequent to the making of the agreement have no effect on the rights and duties of the parties under the contract.

*Newburger* v. *American Surety Co.*, 214 App. Div. 714, reversed.

(Argued January 19, 1926; decided February 24, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 21, 1925, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*Samson Lachman, Osmond K. Fraenkel, Theodore Baumeister* and *Louis Werner* for appellants. The court erred in destroying the contract by receiving evidence of prior negotiations. (*Edison Electric Illuminating Co.* v. *Thacher,* 229 N. Y. 172; *King* v. *Hudson River Realty Co.,* 210 N. Y. 467; *Dobbins* v. *Pratt Chuck Co.,* 210 App. Div. 278; *Long* v. *New York Central R. R. Co.,* 50 N. Y. 76; *Thomas* v. *Scutt,* 127 N. Y. 133; *Bank of Albion* v. *Smith,* 27 Barb. 489; *Dent* v. *North America S. S. Co.,* 49 N. Y. 390; *Manchester Paper Co.* v. *Moore,* 104 N. Y. 680; *White's Bank* v. *Myles,* 73 N. Y. 335; *U. S. Printing & Lithograph Co.* v. *Powers,* 233 N. Y. 143.) The court erred in deciding that the agreement was insufficient under the Statute of Frauds. (*Lamkin* v. *Palmer,* 164 N. Y. 201; *Matter of Madura* v. *City of New York,* 238 N. Y. 214; *Davin* v. *Isman,* 228 N. Y. 1; *Worrall* v. *Munn,* 5 N. Y. 229; *Epstein* v. *Gluckin,* 233 N. Y. 490; *Langstroth* v. *Turner Cypress Lumber Co.,* 162 App. Div. 818; 220 N. Y. 706; *Strauss* v. *Katz,* 210 App. Div. 405; 1 Williston on Cont. § 48; *Tobias* v. *Lynch,* 192 App. Div. 54; 233 N. Y. 515; *Berman Stores Co.* v. *Hirsch,* 240 N. Y. 209.) The court erred in construing the uncontradicted writings to be an agreement for an option and not an agreement for a lease. (*People ex rel. Sesselman* v. *Bingham,* 189 N. Y. 104; *Poel* v. *Brunswick-Balke-Collander Co.,* 216 N. Y. 310; *Hartigan* v. *Casualty Co. of America,* 227 N. Y. 175; *Matter of Loew's Buffalo Theatres, Inc.,* 233 N. Y. 495; *Cream of Wheat Co.* v. *Crist Co.,* 222 N. Y. 487; *Moran*

v. *Standard Oil Co.*, 211 N. Y. 187; *Broadway Realty Co.*
v. *Lawyers Title & Trust Co.*, 226 N. Y. 335.)

*Mark W. Norman* for respondent.   The plaintiffs failed
to vitalize the agreement, even assuming one existed,
by exercising their option within the prescribed time.
(*Edison El. Ill. Co.* v. *Thacher*, 229 N. Y. 172; *Emmett*
v. *Penoyer*, 151 N. Y. 564; *Cooper* v. *Payne*, 186 N. Y.
334; *King* v. *Hudson River Realty Co.*, 210 N. Y. 467;
*Thomas* v. *Scutt*, 127 N. Y. 133.)   The Statute of Frauds
is a defense to this action.   (*Imperator Realty Co.* v.
*Tull*, 228 N. Y. 447; *Polucek* v. *Jahoda*, 203 App. Div.
39; *Hubbell* v. *Von Schoening*, 49 N. Y. 326; *Holmes* v.
*Evans*, 129 N. Y. 140; *De Beerski* v. *Paige*, 47 Barb.
172; 36 N. Y. 537; *Page* v. *Shainwald*, 169 N. Y. 246;
*Schaefer* v. *Thompson*, 237 N. Y. 55.)   The evidence
objected to was competent.   (*Heller* v. *Cohen*, 154 N. Y.
306; *Wadick* v. *Mace*, 191 N. Y. 1; *Levin* v. *Dietz*, 194
N. Y. 377; *Young* v. *Dake*, 5 N. Y. 463; *Becar* v. *Flues*,
64 N. Y. 518; *Ward* v. *Hasbrouck*, 169 N. Y. 407;
*Zorkowski* v. *Astor*, 156 N. Y. 393; *Smith* v. *Dotterweich*,
200 N. Y. 299; *Di Menna* v. *Cooper*, 220 N. Y. 391;
*Briggs* v. *Hilton*, 99 N. Y. 517; *Rutledge* v. *Worthington*,
119 N. Y. 592; *Benton* v. *Martin*, 52 N. Y. 570; *Grierson*
v. *Mason*, 60 N. Y. 394.)

POUND, J.   The action is for the specific performance
of an agreement for a lease.   Plaintiffs are stockbrokers
and members of the New York Stock Exchange.   Defend-
ant owns an office building at 100 Broadway.   Plaintiffs
had occupied offices on the fifth floor therein since the year
1907 under a lease which expired on May 1, 1922.   In the
year 1920 defendant undertook certain rebuilding opera-
tions which made it necessary to interfere with the quiet
possession of plaintiffs' offices.   Plaintiffs were not dis-
posed to have their possession interfered with unless
they could make satisfactory arrangements for a new

lease. Negotiations resulted in two letters to plaintiffs from defendant which are relied on as an agreement for a lease. They read as follows:

" AMERICAN SURETY COMPANY.
" *August* 10*th*, 1920.
" Messrs. NEWBURGER, HENDERSON & LOEB,
   " 100 Broadway,
            " New York City:
" Attention of Mr. Loeb.

" GENTLEMEN.— I am directed by our Real Estate Committee to advise you that *this Company accepts your offer* made to Mr. R. A. Smith of $2.75 per square foot per annum *for a new lease, in our usual form,* from May 1st, 1922, *for a period of five years,* space to be allotted you on the 6th floor of our reconstructed building equivalent to that you now occupy on the 5th floor, it being understood that as soon as our new building is erected you will move to the new quarters on the 6th floor for the unexpired portion of your present lease, expiring May 1st, 1922.

" *In consideration of this* you are to permit this Company to enter, at any time, the premises you occupy, for the purpose of removing the south and east walls of the Surety Building, and to do any other work found necessary in connection with the improvements which we are making, and to erect such temporary partitions for the removal of the column on the southwest corner of the building, and for the removal of the south and east walls, as may be by us deemed necessary.

" During the time that any of your floor space is partitioned off, for the removal of the walls, we will furnish you an equivalent of the space so taken, if desired, on the 6th floor.

            " Very truly yours,
              " RICHARD DEMING,
                   " *Vice-President.*"

" AMERICAN SURETY COMPANY.
                          " *August 12th,* 1920.
" Messrs. NEWBURGER, HENDERSON & LOEB,
        " 100 Broadway,
                  " New York City:
" Attention of Mr. Loeb.

" GENTLEMEN.— *Referring to my letter of August 10th, and to my further interview with your Mr. Loeb this afternoon,* I write simply to say that it is understood:

" 1. That the space to be allotted to you on the 6th floor of our reconstructed building shall include seven Broadway windows, the same as in your present offices, and extending east on the Pine Street side of the building.

" 2. That the floor area of such space shall be approximately one-half the rental area of the 6th floor, not exceeding 5,500 square feet.

" 3. That at the time of moving you to the new quarters on the 6th floor, same will be done by us at our expense.

" 4. That the space allotted on the 6th floor shall be fitted up in similar manner to your present offices.

" 5. That the new lease shall include janitor service, and electricity for lights and fan service.

                  " Very truly yours,
                  " RICHARD DEMING,
                          " *Vice-President.*"


Operations were thereupon begun. Plaintiffs permitted the defendant to enter their offices on the fifth floor to make the improvements. In July, 1921, plaintiffs removed to the sixth floor to offices furnished them by defendant. Some difference of opinion arose. The space allotted to plaintiffs on the sixth floor was larger than the space they had occupied on the fifth floor. A dispute arose over the correct measurement of the excess space. This was adjusted at 5,894 square feet. The question of rent for the unexpired term was not agreed on. On February 1, 1922, defendant demanded possession

of the premises on May 1, 1922, and thereafter refused to execute the new lease which plaintiffs demanded under the letters above set forth. This·action was begun.

Defendant took the position that the letters were an agreement for an option to be exercised in writing before January 1, 1922, which plaintiffs had failed to exercise. To sustain this contention it was permitted to give evidence of a conversation in April, 1920. Mr. Deming, defendant's vice-president, testified over objection and exception that Mr. Loeb, representing plaintiffs, then suggested " an option for a new lease and more space " on some terms they could agree on. June 15, 1920, Mr. Deming left a paper with Mr. Loeb, signed by him, in the form of a report to defendant, in which he says, " the tenant has asked for an option for a renewal of present lease expiring May 1st, 1922, for a period of five years. Under the circumstances, and desiring to retain the firm as tenants, we could give such an option for space in the new building for such period of five years, or less, at the low figure of $17,000 per annum, which shall include the fitting up of space in keeping with the present offices, and including electricity for light and fan service."

This letter was received in evidence over objection and exception. Plaintiffs under date of June 23, 1920, replied. They said among other things:

" We appreciate your desire ·to retain us as tenants and are willing to take an option for a period of five years from May 1st, 1922, if the rental for such period can be agreed upon between us, but we do not want you to labor under the impression that the proposed option gives you the right, in the absence of a written consent on our part, to interfere with our possession of the 5th floor in its entirety."

This letter was also received over objection and exception.

After this vague and inconclusive discussion, the

evidence jumps from June 23 to August. The option was never mentioned again. Defendant writes under date of August 10 that it accepts plaintiffs' offer for a new lease referring to such offer as having been " made to R. A. Smith " with whom Mr. Loeb testifies he had a conference about the 8th or 9th of August, 1920. No evidence was given of the negotiations between Mr. Loeb and Mr. Smith. This is the contract on which plaintiffs rely. It is absolute on its face. It breathes no suggestion of an option. The evidence received contains no offer from plaintiffs either to accept an option or to accept a lease and contains no suggestion that the letter of August 10 was delivered to take effect only on a contingency. HISCOCK, Ch. J., said in *U. S. Printing & Litho. Co.* v. *Powers* (233 N. Y. 143): " We find no case which goes so far as to hold that a statement made by a party that he will execute a certain contract may be given in evidence, as indicating that a contract long thereafter executed by him did have the meaning contained in his prior promise." Six weeks between statement and contract was there held to be too long an interval to permit the proof. On this evidence the trial court has found and the Appellate Division has unanimously affirmed the finding that the agreement of the parties was for an option only and that plaintiffs were not entitled to the relief demanded.

We are not unmindful of the fact that the unanimous affirmance precludes us from examining the record to determine whether there is evidence tending to support the findings of fact. (Const. of 1895, art. VI, § 9.) Although the amended Judiciary Article, in effect January 1, 1926, withdraws this constitutional limitation, it remains in the Civil Practice Act (§ 589) until repealed, as a proper exercise of the constitutional power of the Legislature further to restrict the jurisdiction of the Court of Appeals.

Neither do we overlook the fact that the findings do

not set forth the writings as in *Poel* v. *Brunswick-Balke-Collender Co.* (216 N. Y. 310), so the question is not presented whether the findings of fact support the conclusions of law. But the court has power, notwithstanding the unanimous affirmance, to examine the record in order understandingly to review the rulings of the court on the admission of evidence and the exceptions taken thereto. The trial court is held to the proper theory of legal liability and we may look at the evidence as a whole to determine the correctness of its rulings. (*Barnevo* v. *Munson Steamship Line*, 239 N. Y. 486.) The construction of writings uncontradicted except by incompetent evidence is a question of law which survives the unanimous affirmance. (*Hartigan* v. *Casualty Co.*, 227 N. Y. 175.) The question is thus properly before us on the exceptions taken by plaintiffs.

Parol evidence may not be received to vary the clear and unambiguous terms of a solemn written agreement as between the parties although matters may be proved which tend to show fraud, mistake, illegality, want of consideration, lack of capacity or any other matter affecting the validity of the writing or to establish the existence of any separate oral agreement as to any matter on which the document is silent, and which is not inconsistent with its terms, where from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them; or to establish a condition precedent to the attaching of an obligation under the contract. Other exceptions to and qualifications of the parol evidence rule, not applicable here, need not be considered. (Stephen's Digest of the Law of Evidence, § 90; *Thomas* v. *Scutt*, 127 N. Y. 133; *Eighmie* v. *Taylor*, 98 N. Y. 288; *Emmett* v. *Penoyer*, 151 N. Y. 564; *Grannis* v. *Stevens*, 216 N. Y. 583, 588.) The objectionable evidence received shows that on June 23 plaintiffs were willing to take an option. But it is

mere speculation to conclude that because on June 23 they were willing to take an option, the formal document of August 10 is to be read as an acceptance only of an offer to take an option. This is not a case of insufficien` proof but of no proof competent on the question. (*Matte.· of Case,* 214 N. Y. 199.) The evidence should have been excluded as not connected with or competent to vary th` subsequent writing in any way. (*Thomas* v. *Scutt, supra; St. Regis Paper Co.* v. *Hubbs, etc., Co.,* 235 N. Y. 30, 35.)

The question remains whether the contract was by its terms enforcible as an agreement for a lease. It was not necessary that both parties should sign the contract to make it an agreement in writing. If a person has accepted a written agreement and has acted upon it he is bound by it although he may not have set his hand to the document. The bill of sale in *Thomas* v. *Scutt* (*supra*) was unilateral and the parol evidence rule was applied. (*Mason* v. *Decker,* 72 N. Y. 595.)

The contract was acted upon. The plaintiffs performed on their part. They vacated their offices on the fifth floor so that defendant might make the alterations it desired. They took the space assigned to them on the sixth floor.

Disputes arose. They have no effect on the rights and duties of the parties under the contract. The space to be allotted was not to exceed 5,500 feet. The space actually allotted was more. It was claimed by plaintiffs that space occupied by toilets and shower baths should not be included. The adjustment of these difficulties arising subsequent to the making of the agreement to lease does not affect the validity of the completed agreement.

The finding that the contract is void under the Statute of Frauds is presented as a conclusion of law. If it is sustained only by facts found on incompetent evidence (*Lamkin* v. *Palmer,* 164 N. Y. 201), it is *brutem fulmen.* The differences of the parties as to the rent due under the old lease may be adjusted elsewhere.

The contract is definite and complete; it states the

consideration and is properly signed by the party to be charged thereby. It is definite because the subject-matter of the contract is indicated, not only by the writing itself, but also by the acts of the parties. It is complete because it covers the whole subject. No reference is made to the toilet space and it follows that it is not excepted. The measurement of the excess space, including the toilets, has been covered by agreement of parties. The defendant cannot be heard to say that because it allotted plaintiffs more space than the contract calls for, they may have no space. The agreement is not vague and uncertain in any material respect. (*Spiritusfabriek Astra* v. *Sugar Products Co.*, 176 App. Div. 829; affd., 221 N. Y. 581; Williston on Contracts, § 48.)

The effort of the defendant to deprive the plaintiffs of the benefit of a fair bargain cannot be sustained by evidence of minor differences which have arisen as to the proper construction of the written agreement after its execution. If this were the rule, any contract might be vitiated for indefiniteness if the parties refused to agree as to its meaning. This contract is definite and certain in law, whatever the parties may say about the meaning they attach to it.

The judgments should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., absent.

Judgments reversed, etc.