■ In the Matter of NICHOLAS A. BUSINO et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v. LEON ROSENBERG, as Comptroller of the City of Binghamton, et al., Appellants.— Appeal from a judgment of the Supreme Court at Equity Term, entered September 13, 1972 in Broome County, which granted petitioner's application, in a proceeding originally commenced pursuant to CPLR article 78, to compel specific performance of a public employment contract and which denied appellants' counterclaim for reformation of the same. There is no dispute that the petitioners, pursuant to a negotiated contract with the City of Binghamton, are entitled to an 8.6% aggregate salary increase over their 1970 payroll for the year 1971. The dispute arises over the proper 1970 payroll figure to be used in computing the increase. The record reveals that both parties agreed to a compromise sum of $1,664,115 and, in fact, the appellants paid petitioners the salaries based on this figure, plus the 8.6% increase, from June 5 to September 10, 1971. On the latter date, appellants reverted to paying petitioners according to the 1970 pay scale, claiming that the figure included in the contract did not reflect the one to which they had agreed. In seeking support for their argument in favor of reformation of the contract, appellants cite the testimony of one of their witnesses that petitioners had agreed to reduce said compromise 1970 payroll figure by $82,155. However, this witness was contradicted not only by all of the petitioners' witnesses who were present during the negotiations but also by another of appellants' witnesses. In these circumstances, the Trial Judge was in the best position to determine credibility (*Amend* v. *Hurley,* 293 N. Y. 587, 594) and appellants have failed to sustain their heavy burden of proof of entitlement to reformation (*Amend* v. *Hurley, supra,* p. 595; *Weiss* v. *Garfield,* 21 A D 2d 156, 158). Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.