■ JAMES FINNEGAN et al., Appellants, v. GORDON M. BROWN, Respondent.— Order unanimously reversed, with costs and motion denied. Memorandum: Special Term dismissed appellants' complaint and vacated a *lis pendens* upon their property at 165 Columbus Avenue in Buffalo despite appellants' argument that the deed they gave to respondent, the attorney who prepared the agreement of sale, was only to serve as security for a loan to appellants to avoid foreclosure upon their home. This was error. The record reveals that the equity which respondent purchased for $1,873 was worth from $5,000 to

$10,000, depending upon whose appraisal figures are used. In any case, such disparity could point to something other than a sale of these premises (38 N Y Jur., Mortgages and Deeds of Trust, § 26). As we held *King* v. *WNY Holding Corp.* (38 A D 2d 685): " Whether a deed, absolute on its face, is a mortgage depends upon the intent of the parties (*Matter of Newcourt Realty Holding Corp.* v. *Gabel,* 28 A D 2d 704; Real Property Law, § 320) and, as such, presents a question of fact requiring a trial". (Appeal from order of Erie Special Term dismissing complaint and vacating *lis pendens.*) Present — Goldman, P. J., Moule, Cardamone, Simons and Henry, JJ.