EDWARD L. BIELAWSKI, Appellant, v MYRON BAZAR, Respondent.

Third Department, May 1, 1975

*Gibbons & Burke (Kenneth T. Gibbons* of counsel), for appellant.

*Campbell & White (Donald A. Campbell* of counsel), for respondent.

LARKIN, J. Plaintiff sued to have two instruments of conveyance from plaintiff to defendant determined to be mortgages rather than deeds. The record sustains the findings of fact made by the trial court. On March 20, 1967 plaintiff executed two deeds conveying three parcels of real property to defendant for which plaintiff received the sum of $8,000. On the same day the parties executed an option agreement covering the same three parcels, by which defendant promised not to decrease the value or to encumber the property during its five-year term and gave to plaintiff the right to purchase the property for amounts of consideration which escalated each year. As additional consideration upon exercise of the option, plaintiff was to reimburse defendant for all taxes and assessments paid by defendant upon the property during the term of the option.

The defendant rejected as untimely the attempt of plaintiff to exercise the option since concededly it was made subsequent to the expiration date contained in the option agreement.

The plaintiff alleges that, under indictment and needing money for his defense, he approached defendant to secure a loan and that it was his understanding the deeds were being given as collateral security for the loan. Plaintiff further relies on the fact that his appraiser valued the property at a price much higher than the $8,000 price at which defendant purchased the property and upon the fact that the option agreement contained terms inconsistent with fee ownership by defendant.

The trial court, finding plaintiff's affirmative case inconclusive and based on uncorroborated testimony, concluded that, while plaintiff may have originally sought a mortgage arrangement, defendant's opposition to this idea led to the transaction taking the form of absolute conveyance with a five-year repurchase option and, in addition, found that the value of the parcels as found by the appraisers for both parties was not too disparate from the purchase price as to give rise to an implication that the transaction was anything other than a sale with an option to repurchase.

A deed conveying real property, which, by any other instrument, appears to be intended only as security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage (Real Property Law, § 320).

The option agreement herein does not evidence an intention to make the deeds into mortgages on the property. Although there was no other written instrument, parol evidence is admissible to show that the parties intended a deed which is absolute on its face to be a mortgage (38 NY Jur., Mortgages and Deeds of Trust, § 28). The trial court found the parol evidence submitted by plaintiff to be insufficient to demonstrate such intention.

Whether a deed absolute on its face was, in fact, only a mortgage depends upon the intent of the parties which involves questions of fact requiring a trial *(Finnegan v Brown,* 43 AD2d 812; *King v WNY Holding Corp.,* 38 AD2d 685). The precise terms of the mortgage must be established by clear and conclusive evidence *(Ensign v Ensign,* 120 NY 655). In this case, the trial court found that plaintiff had failed to overcome that burden.

The restrictions on defendant's use of and against his encumbrancing of the property during the option period are not inconsistent with clauses contained in typical options to purchase property owned in fee. Again, this was only one of many factors to be considered by the trial court.

The Trial Judge is in the best position to determine credibility and his findings should be given the greatest weight *(Matter of Busino v Rosenberg,* 43 AD2d 602; *Matter of Allcity Ins. Co. v Devoe,* 41 AD2d 821). The resolution of this case depended upon the intention of the parties, a factual determination, and the conclusion of the Trial Judge with respect thereto should not be disturbed.

The judgment should be affirmed, without costs.

SWEENEY, J.P., KANE, MAIN and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.