■  PIONEER VILLAGE DEVELOPMENT CORP., Appellant, v XAR CORPORATION, Respondent.—Appeal from so much of an order of the Supreme Court at Special Term, entered November 19, 1975 in Saratoga County, which denied plaintiff's motion for summary judgment. Plaintiff conveyed certain real property to defendant by a deed absolute on its face and concurrently obtained in return an option to repurchase the same property by a given time at a certain price. The proceeds of the sale were intended, in part, to satisfy a pre-existing mortgage on the property which was then on the brink of foreclosure. About one hour after the time for exercise of the option had expired, plaintiff's owner appeared at the office of defendant's attorney with a letter stating that he was exercising the option to repurchase, but he was unable to tender the purchase price at that time for the stated reason that the person with the funds had been delayed by a snowstorm. When the funds did not arrive some three hours later, plaintiff was informed orally and in writing that this option was terminated. No subsequent tender was ever made. On this appeal plaintiff is contending that (1) the deed and option originally given constituted a mortgage as a matter of law, and (2) even if there had been a conveyance in fee, equity would nevertheless require a reconveyance. Factual issues are presented sufficient to preclude summary judgment in plaintiff's favor. While there are statutory provisions that under certain circumstances a deed absolute in form must be considered a mortgage (Real Property Law, § 320), any such conclusion depends upon the intent of the parties which, in turn, requires a factual determination of the respective understandings of the principals to the agreement in question *(Bielawski v Bazar,* 47 AD2d 435; *Johnston v De Haan,* 37 AD2d 1028; see *Resseguie v Adams,* 55 AD2d 698). It does not appear that plaintiff's

alternative position was placed before Special Term for its consideration. In any event, plaintiff's own allegations concerning tender raise factual questions of whether there was substantial compliance with the option or a waiver of its terms by defendant. Order affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.