OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
*1024 Plaintiffs commenced this action to recover the balance due on a note given by defendant in connection with his purchase of plaintiffs’ shares in a corporation. Defendant’s answer asserted an affirmative defense and a counterclaim based on the alleged fraud of plaintiffs in inducing him to enter into the agreement. Plaintiffs moved to strike defendant’s answer and for summary judgment on the ground that there was no defense to their cause of action.
Plaintiffs contend that defendant’s fraud defense cannot be proven, because parol evidence is inadmissible to prove any oral representations, !fey reason of a provision in the stock purchase agreement which states that all representations, warranties, understandings and agreements between the parties are set forth in the agreement. However, such a general merger clause is generally insufficient to bar parol evidence of a fraudulent misrepresentation (Sabo v Delman, 3 NY2d 155). Further, the fraudulent representation which forms the basis of defendant’s affirmative defense is not specifically contradicted by any of the detailed representations or warranties contained in the agreement (Danann Realty Corp. v Harris, 5 NY2d 317).
For defendant’s part, his affidavit in opposition to the motion has raised a triable issue of fact. Defendant there sets forth his allegations that plaintiffs falsely represented to him that while the income statement showed income of only $3,450, actual income was $3,950, the difference being unreported income which plaintiffs removed from the corporation on a weekly basis; that defendant was induced to purchase the business on this basis; and that these representations were false. The only inference to be drawn from an examination and a fair reading of defendant’s affidavit is that defendant has asserted that plaintiffs knew the statements to be false when made. As defendant has raised a triable issue regarding the affirmative defense of fraud, summary judgment was properly denied to the plaintiffs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed, etc.