■ PEERLESS CONSTRUCTION COMPANY, INC., Appellant, v LAWRENCE P. MANCINI et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered March 4, 1983 in Warren County, which granted defendants' motion for summary judgment dismissing the complaint. Plaintiff's complaint seeks to have a deed, purporting to be an absolute conveyance of certain real property, declared to be a mortgage. The deed was executed by plaintiff through its president and sole owner, William H. Taft, on January 6, 1977 and delivered to defendants on that day. The instrument was drawn by plaintiff's attorney and defendants were not represented by counsel. Special Term properly granted defendants' motion for summary judgment and

---

dismissed the complaint. That court correctly found on this record that plaintiff failed to raise any issue of a material fact in opposition to defendants' papers sufficient to warrant a trial. Documentary evidence and affidavits reciting facts from persons with knowledge support defendants' position while plaintiff's proof is conclusory and lacking in specifics of time, place and factual averments. The latter is insufficient to require a trial (*Ehrlich v American Moniger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259). "A triable issue is not shown to exist by the circumstance that affidavits are conflicting" (*Banasik v Reed Prentice Div. of Package Mach. Co.,* 34 AD2d 746). In *Johnston v De Haan* (37 AD2d 1028), this court set forth the heavy burden of proof cast upon a party seeking to show that a deed, absolute in terms, as here, is not what it purports to be. There, the court stated (*id.,* at p 1029): " 'The burden of establishing an oral defeasance to such a deed is an onerous one resting on whoever alleges it, and its existence and also its precise terms, must be established by clear and conclusive evidence, otherwise the strong presumption that the deed expresses the entire contract between the parties to it is not overcome.' (*Streeter Constr. Co. v. Kenney,* 209 App. Div. 697, 703.) Such a deed will not be converted into a mortgage 'unless the existence of the alleged oral defeasance is established beyond a reasonable doubt' " (citations omitted). Plaintiff has not met that burden in this case. Order affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Weiss, JJ., concur.