■ W. L. CHRISTOPHER, INC., Respondent, v SEAMEN'S BANK FOR SAVINGS, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Mercure, J.), entered January 11, 1988 in Warren County, which denied defendant's motion for summary judgment dismissing the complaint.

In considering a defendant's motion for summary judgment, a court must view the record evidence in the light most favorable to the plaintiff *(Bershaw v Altman,* 100 AD2d 642, 643) and draw every favorable inference therefrom to which the plaintiff is entitled *(Blake-Veeder Realty v Crayford,* 110 AD2d 1007, 1008). Bearing that principle in mind, the record contains ample support for plaintiff's assertion that it entered into a joint venture with defendant whereby plaintiff would renovate and manage a shopping center defendant had acquired in lieu of foreclosure in exchange for a management fee of $5,000 per month, a 50% share of operating income, and a 50% share of net profit upon the sale of the shopping center. This arrangement was embarked upon in March 1982 on the strength of an oral agreement between plaintiff's owner and defendant's senior vice-president, which is evidenced by, *inter alia,* resolutions of defendant's executive committee and letters from plaintiff.

In September 1982, plaintiff and defendant executed a written management contract which mirrored the oral joint venture agreement except that plaintiff's right to 50% of the net sales proceeds was limited to a sale occurring within six months after the five-year contract's termination date, or earlier termination by either party for cause. Plaintiff alleges that the written agreement was not intended by the parties, or so he was led to believe, to supersede the oral joint venture, but rather was merely executed to mislead bank examiners so that the asset's value could not be "written down" (reduced) to reflect plaintiff's share and to gain tax advantages. Relations between plaintiff and defendant soured despite the former's very considerable success at filling vacancies and dramatically improving the shopping center's lease receipts and value. Plaintiff commenced this action in January 1987 when it became apparent that defendant intended to hold the property until the written contract expired and then to enforce it, to the exclusion of plaintiff's claimed right to receive one half of the profits when the shopping center is sold.

Defendant appeals from Supreme Court's refusal to summarily dismiss the complaint, urging primarily that the parol evidence rule precludes plaintiff from offering any evidence that contradicts the apparently complete written contract *(see, Braten v Bankers Trust Co.,* 60 NY2d 155, 162-163). But if fraud is shown, parol evidence can be resorted to by plaintiff, not to contradict or vary the writing, but to destroy it *(Bank of Am. Natl. Trust & Sav. Assn. v Gillaizeau,* 593 F Supp 239,

242-243, *revd on other grounds* 766 F2d 709; *Thomas v Scutt,* 127 NY 133, 137-138).

As Supreme Court did, we too find "the evidence presented by the plaintiff lends considerable support to the contention that the written agreement was a sham". Most important are the sworn statements of plaintiff's owner which are firsthand accounts of the parties' dealings rather than, as defendant would have it, merely bald speculation. It is true that public policy will estop a party from using the "sham exception" to the parol evidence rule if he knowingly participates in a scheme to deceive tax or bank regulatory authorities *(Bank of Am. Natl. Trust & Sav. Assn. v Gillaizeau, supra,* at 243-244; *Mount Vernon Trust Co. v Bergoff,* 272 NY 192). However, at this juncture in the case it is not at all clear that plaintiff knowingly participated in the alleged scam and beyond that whether the "write-down problem" was simply conjured up by defendant to induce plaintiff to sign away its share of the shopping center proceeds *(cf., Bersani v General Acc. Fire & Life Assur. Corp.,* 36 NY2d 457, 460-461). Moreover, a purpose underlying the parol evidence rule is protection against fraud *(see,* Fisch, New York Evidence § 42, at 22 [2d ed]); it would be incongruous if a party were allowed to use the rule as a weapon in perpetrating a fraud. Under equivocal circumstances such as this, Supreme Court was well advised to deny summary judgment in favor of a later determination as to the applicability of the parol evidence rule.

Defendant also argues that the Statute of Frauds requirement of a writing for contracts not performable in a year (General Obligations Law § 5-701 [a] [1]) requires summary judgment be granted in its favor. Inasmuch as the terms of the oral agreement, as attested to by plaintiff, merely call for distribution of profits upon sale without regulating the time of sale, that Statute of Frauds provision does not come into play *(Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 265).

Finally, defendant quite rightly contends that plaintiff's claim for reformation, the first of its four causes of action, cannot withstand summary judgment. To succeed on this cause of action, plaintiff must overcome the parol evidence rule. However, given the fact that the written agreement is not facially incomplete and it speaks to the very issue which is in dispute, plaintiff may only introduce extrinsic evidence for the purpose of destroying the entire written contract *(see, Bersani v General Acc. Fire & Life Assur. Corp., supra,* at 461), which would leave the oral agreement to govern the parties' affairs. Obviously, if plaintiff succeeds in demonstrating that

the writing purporting to be a contract was not indeed a contract, reformation is unavailable for nothing will remain to be reformed (see, Lacks v Lacks, 12 NY2d 268, 271).

Order modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the first cause of action; summary judgment granted defendant to that extent and plaintiff's first cause of action is dismissed; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Levine, J., concurs in part and dissents in part in a memorandum. Levine, J. (concurring in part and dissenting in part). I respectfully dissent from that part of the majority's decision which partially denies defendant's motion for summary judgment. The September 1982 written agreement between the parties is complete on its face and, therefore, integrated as a matter of law (see, Happy Dack Trading Co. v Agro-Industries, Inc., 602 F Supp 986, 991; Braten v Bankers Trust Co., 60 NY2d 155, 162). The alleged prior oral joint venture agreement does not materially differ from the written contract except with respect to having an expiration date and the time limit for plaintiff to share in the sale of the property, contained in the latter writing. It follows that plaintiff's action on the prior, oral joint venture agreement must fail unless he brings himself within one of the exceptions to the parol evidence rule (see, Newburger v American Sur. Co., 242 NY 134, 142; Potsdam Cent. Schools v Honeywell, Inc., 120 AD2d 798, 800).

Concededly, the only exceptions to the parol evidence rule possibly applicable here are the fraud and "sham" ones. The only factual averments plaintiff has submitted on these exceptions is that the parties inserted the time limitation on sale clause into the written agreement to deceive bank examiners and avoid unfavorable tax consequences to defendant upon a sale. This evidence is insufficient to establish either the fraud or sham exception to the parol evidence rule. Any inference, from plaintiff's conclusory averments, that defendant perpetrated a fraud against him, including the necessary specificity as to all of the fraud cause of action elements of false representation of an existing fact, scienter, deception and injury, would be entirely speculative (see, Potsdam Cent. Schools v Honeywell, Inc., supra; see also, Lanzi v Brooks, 54 AD2d 1057, 1058, affd 43 NY2d 778). The burden was on plaintiff to bring himself within the fraud exception. Therefore, it will not do, as the majority hypothesizes, that the "write-down" problem possibly may have been "conjured up by defendant to induce

plaintiff to sign away its share of the shopping center proceeds".

Regarding the sham exception, plaintiff fails for two reasons. First, as previously noted, plaintiff has no quarrel with any provision of the written contract as embodying the terms of the parties' understanding, other than the clause putting a time limit on his right to share in the proceeds of sale. Indeed, plaintiff relies on some of the terms thereof to demonstrate that an indefinite agreement to share in the profits of sale was intended. However, the sham exception only applies to proof that the *entire* contract was intended to be a nullity *(Happy Dack Trading Co. v Agro-Industries, Inc., supra,* at 992; *Bersani v General Acc. Fire & Life Assur. Corp.,* 36 NY2d 457, 461). Second, even if the entire written contract had been intended by *both* parties to be unenforceable in order to perpetrate a fraud against bank regulators and taxing authorities (the only reason plaintiff has given), public policy would prevent the introduction of such parol evidence *(Happy Dack Trading Co. v Agro-Industries, Inc., supra,* at 992, n 7; *Bersani v General Acc. Fire & Life Assur. Corp., supra,* at 461; *see, Bank of Am. Natl. Trust & Sav. Assn. v Gillaizeau,* 593 F Supp 239, 243-244).

Consequently, I would reverse and grant defendant's motion for summary judgment dismissing the complaint in its entirety.