**In re UNI–RTY CORP., Debtor.**

**In re GOLDEN PLAZA LIMITED PARTNERSHIP, Debtor.**

**UNI–RTY CORP. and Golden Plaza Limited Partnership, Plaintiffs,**

v.

**GUANGDONG BUILDING INC., New York Guangdong Finance, Inc. and Joseph Chu, Defendants.**

Bankruptcy Nos. 95–B44178 (JHG), 95–B44179 (JHG).
Adv. No. 95–1294A.

United States Bankruptcy Court, S.D. New York.

Feb. 6, 1996.

Douglas J. Pick, New York City by Law
Offices of Jacques Catafago, New York City

(Jacques Catafago, of counsel), for Debtors–Plaintiffs.

Phillips Nizer Benjamin Krim & Ballon LLP, New York City (Martin H. Sampson, James P. Seery, Jeffrey L. Shore, of counsel), for Defendants.

## DECISION ON MOTION TO ADMIT PAROL EVIDENCE

JEFFRY H. GALLET, Bankruptcy Judge.

This adversary proceeding concerns, *inter alia*, conflicting claims regarding a certain sale/leaseback transaction during which a deed for the fee of a parcel of real property, known as the Golden Pacific Building, located at 239–241 Canal Street, New York City, was granted by one of the plaintiffs to one of the defendants. The plaintiffs argue that the deed was intended to be a security interest in the property and not a transfer of the fee and that the deed was obtained by fraud. The defendants take the position that the deed and certain other documents are clear and binding on the parties.

### THE ISSUE

■ The issue before me is whether the parol evidence rule bars the admission of extrinsic evidence to establish that the conveyance of a deed was intended by both parties as additional security for the refinancing of a mortgage loan as opposed to an absolute transfer of title to the property. I hold that it does not.

### APPLICABLE LAW

■ The parol evidence rule is a rule of substantive law not a rule of evidence. *Southern Stone Co. Inc. v. Singer*, 665 F.2d 698 (5th Cir.1982); *Centronics Financial Corp. v. El Conquistador Hotel Corp.*, 573 F.2d 779 (2nd Cir.1979). Accordingly, New York law applies. *Id.* *See also* WRIGHT AND GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5200 (1978).

### THE PAROL EVIDENCE RULE IN NEW YORK

■ Where the parties have reduced their agreement to writing, the parol evidence rule excludes evidence of any prior oral or written agreement when offered to contradict, vary, add to, or subtract from the terms of the writing. *Marine Midland Bank–Southern v. Thurlow*, 53 N.Y.2d 381, 442 N.Y.S.2d 417, 425 N.E.2d 805 (1981); *Thomas v. Scutt*, 127 N.Y. 133, 137 (1891). The rule is based upon an assumed intention of the parties, evidenced by an unambiguous written contract, to protect themselves from the uncertainties of oral testimony, infirmity of the memory and death of witnesses and to prevent fraud and perjury. *WWW Associates, Inc. v. Giancontieri*, 77 N.Y.2d 157, 565 N.Y.S.2d 440, 566 N.E.2d 639 (1990).

### EXCEPTIONS TO THE PAROL EVIDENCE RULE

At common law, there are two exceptions to the parol evidence rule. Evidence may be presented to show that the contract is not complete or to show that no contract actually exists.

### No Contract Exists

■ First, the parol evidence rule does not bar the admission of parol evidence to prove that the writing, which purports to be a contract, is not a contract at all. *Thrift Credit Corp. v. American Overseas Trading Corp.*, 54 A.D.2d 994, 387 N.Y.S.2d 930 (N.Y.App.Div. 3rd Dept.1976). Under this exception, the parol evidence rule is not used to contradict or vary the contract, but to prove that the contractual obligation is, in fact, no obligation at all. *W.L. Christopher, Inc. v. Seamen's Bank*, 144 A.D.2d 809, 534 N.Y.S.2d 773 (N.Y.App.Div. 3rd Dept.1988). Thus, want of consideration, fraud, duress, undue influence, illegality, delivery upon an unperformed condition may be established by parol evidence to destroy the validity of an agreement. *Thomas v. Scutt*, 127 N.Y. 133, 137, 27 N.E. 961 (1891).

### *Want of Consideration*

■ In cases where want of consideration is available as a defense, parol evidence is admissible to show that an apparently valid obligation in writing was given without consideration to support it. *Baird v. Baird*, 145 N.Y. 659, 665, 40 N.E. 222 (1895). In the alternative, parol evidence is admissible to

prove that there was valid consideration for the note or other written obligation in question. *Keuka College v. Ray*, 167 N.Y. 96, 101, 60 N.E. 325 (1901); *I & I Holding Corp. v. Gainsburg*, 276 N.Y. 427, 432, 12 N.E.2d 532 (1938).

▪ Where the receipt of the consideration is contained in a deed, mortgage, bill of sale, note, or other written obligation, parol evidence is admissible to prove the true consideration expressed in the writing. RICHARD T. FARRELL, PRINCE, RICHARDSON ON EVIDENCE § 11–203 (11th Ed.1995).[1] But where the consideration expressed in the document is contractual in nature such as reciprocal promises to perform, the parol evidence rule applies, and the consideration expressed in the writing cannot be varied by extrinsic evidence. *Hutchison v. Ross*, 262 N.Y. 381, 398, 187 N.E. 65 (1933); *Emmett v. Penoyer*, 151 N.Y. 564, 567–68, 45 N.E. 1041 (1897).

*Fraud, Mistake, Undue Influence, Duress*

▪ Parol evidence is also admissible to prove that a seemingly valid written contract is in fact invalid because the consent of one of the parties was induced by fraud, mistake, duress, or undue influence. *Thomas v. Scutt*, 127 N.Y. 133, 137, 27 N.E. 961 (1891); RICHARDSON ON EVIDENCE § 11–204.

*Merger Clauses*

▪ A general merger clause is usually insufficient to bar parol evidence of a fraudulent representation which induced the contract. *Hobart v. Schuler*, 55 N.Y.2d 1023, 449 N.Y.S.2d 479, 434 N.E.2d 715 (N.Y.1982). However, a specific disclaimer clause—a clause disclaiming any representation as to the matter the plaintiff is now claiming constitutes fraud—bars the plaintiff from admitting parol evidence establishing the false representation. RICHARDSON ON EVIDENCE § 11–205.

**Incomplete Contracts**

▪ The second exception to the parol evidence rule "recognize(s) the written instrument as existing and valid, but regard(s) it as incomplete, either obviously, or at least possibly, and admit(s) parol evidence, not to contradict or vary, but to complete the entire agreement of which the writing was only a part." *Thomas v. Scutt*, 127 N.Y. 133, 138, 27 N.E. 961 (1891). Under this exception two conditions must be met before parol evidence can be admitted. First, the writing must not appear to be a complete contract "embracing all the particulars necessary to make a perfect agreement, and designed to express the whole agreement between the parties." *Id.* Second, parol evidence must not contradict the written instrument. *Id.*

## DEED AS A MORTGAGE

▪ New York Real Property Law, section 320 states:

A deed conveying real property, which, by any other written instrument, appears to be intended only as security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage.

"It is ... a settled principle of equity that parol evidence is admissible to show that a deed absolute on its face was given merely as security." *Thomas v. Scutt*, 127 N.Y. 133, 140, 27 N.E. 961 (1891). The purpose of this rule was explained by the Supreme Court in *Peugh v. Davis*, 96 U.S. 332, 336–37, 24 L.Ed. 775 (1877):

It is an established doctrine that a court of equity will treat a deed, absolute in form, as a mortgage, when it is executed as a security for a loan of money. That court looks beyond the terms of the instrument to the real transaction; and when that is shown to be one of security, and not of sale, it will give effect to the actual contract of the parties.[2]

▪ Whether a deed was meant only as security, depends upon the intent of the

---

**1.** RICHARDSON ON EVIDENCE, now in its eleventh edition, is generally considered to be the leading authority on New York State evidentiary issues. It has frequently been cited as authority by the New York State Court of Appeals.

**2.** There is no doubt that this court is a court of equity. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984).

parties. This inquiry involves questions of fact which requires a trial. *Bielawski v. Bazar*, 47 A.D.2d 435, 367 N.Y.S.2d 322 (N.Y.App.Div.3rd Dept.1975) *citing Finnegan v. Brown*, 43 A.D.2d 812, 350 N.Y.S.2d 830 (N.Y.App.Div.4th Dept.1971). *See also King v. WNY Holding Corp.*, 38 A.D.2d 685, 327 N.Y.S.2d 258 (N.Y.App.Div.4th Dept. 1971). "Examination may be made not only of the deed and a written agreement executed at the same time, but also to oral testimony bearing on the intent of the parties and to consideration of the surrounding circumstances and acts of the parties." *Corcillo v. Martut, Inc.*, 58 A.D.2d 617, 395 N.Y.S.2d 696 (N.Y.App.Div.2nd Dept.1977) *citing Mooney v. Byrne*, 163 N.Y. 86, 90, 57 N.E. 163 (1900), *reargument denied*, 164 N.Y. 585, 58 N.E. 1090 (1900). *See also Matter of Newcourt Realty Holding Corp. v. Gabel*, 28 A.D.2d 704, 280 N.Y.S.2d 1020 (N.Y.App. Div.2nd Dept.1967); *Pioneer Village Development Corp. v. Xar. Corp.*, 55 A.D.2d 769, 389 N.Y.S.2d 498 (N.Y.App.Div.3rd Dept. 1976).

Furthermore, even though Real Property Law 320 states that a deed which by "any other instrument" can be shown to be a mortgage, parol evidence may still be admitted to establish that the parties intended a deed which was absolute on its face to be a mortgage even where there is no other written instrument. *Bielawski v. Bazar*, 47 A.D.2d 435, 367 N.Y.S.2d 322 (N.Y.App. Div.3rd Dept.1975) *citing* 38 N.Y.Jur., Mortgages 28.

### STANDARD OF PROOF

■ Finally, under Real Property Law 320, the plaintiff must establish by clear and convincing evidence that the parties intended to create a mortgage. *Bielawski v. Bazar*, 47 A.D.2d 435, 367 N.Y.S.2d 322, 324 (N.Y.App.Div.3rd Dept.1975) *citing Ensign v. Ensign*, 120 N.Y. 655, 656, 24 N.E. 942 (1890). Moreover, where the party trying to show that the deed is just a mortgage seeks to do so on the basis of an oral defeasance, the existence of an alleged oral defeasance must be established beyond a reasonable doubt. *Id. See also Peerless Const. Co. v.*

*Mancini*, 96 A.D.2d 666, 466 N.Y.S.2d 497 (N.Y.App.Div.3rd Dept.1983).

### Decision

So far as it pertains to plaintiffs' claim of fraud, duress, undue influence or that the transaction was actually a mortgage, as opposed to a transfer of the fee, or otherwise fits one of the foregoing exceptions to the general rule against the admission of parol evidence, relevant evidence, which is not remote, will be admissible.