■ VICTOR LIBERATORE, SR., et al., Appellants, v OLIVIERI DEVELOPMENT et al., Respondents. OLIVIERI & SONS, INC., et al., Plaintiffs, v VICTOR LIBERATORE, SR., et al., Defendants. [741 NYS2d 371] —Appeal from a judgment (denominated order) of Erie County Court (Drury, J.), entered June 26, 2000, which, inter alia, adjudged that defendants Olivieri Development, Darryl Olivieri, and Glen Olivieri are the owners of the real property and personal property at issue.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: County Court properly granted judgment determining that a deed and a bill of sale given by Olivieri & Sons, Inc. to Victor Liberatore, Sr. and Victor Liberatore, Jr. (plaintiffs) were in the nature of security as additional collateral to secure new loans and that Olivieri Development, Darryl Olivieri, and Glen Olivieri (defendants) did not thereby transfer the underlying real property and construction equipment in lieu of foreclosure on prior loans between the parties. "Whether a deed, absolute on its face, is a mortgage depends on the intent

of the parties * * * and, as such, presents a question of fact requiring a trial" (*King v WNY Holding Corp.*, 38 AD2d 685, 685; *see Finnegan v Brown*, 43 AD2d 812, 813; *see also* Real Property Law § 320). Viewing the evidence presented at trial in the light "most favorable to sustain the judgment" (*McCall v Town of Middlebury*, 52 AD2d 736, 736; *see Executive Park W. I v Koock Elan Jung*, 224 AD2d 990, 991, *lv denied* 88 NY2d 803), we conclude that defendants established with the requisite "clear and conclusive evidence" and "beyond a reasonable doubt" that the deed constituted a mortgage (*Peerless Constr. Co. v Mancini*, 96 AD2d 666, 667, *lv denied* 61 NY2d 601 [internal quotation marks omitted]).

Contrary to plaintiffs' contention, the court did not err in permitting defendants to submit parol evidence concerning the bill of sale for the construction equipment. It is well settled that "a debtor may show by parol evidence that a transfer purporting to be absolute was in fact for security" (UCC former 9-203, Official Comment 4, reprinted in McKinney's Cons Laws of NY, Book 62½, at 360; *see e.g. Barry v Coville*, 129 NY 302, 305-306; *Marsh v McNair*, 99 NY 174, 178-179; *Lipe v Beech-Nut Packing Co.*, 243 App Div 433, 436; *see also* UCC 2-102).

Finally, the court did not abuse its discretion by its award of interest. A mortgage foreclosure action is an equitable action (*see Notey v Darien Constr. Corp.*, 41 NY2d 1055; *Chase Manhattan Bank v Brown & E. Ridge Partners*, 243 AD2d 81, 84). Awarding interest is within the court's discretion in an equitable action, and the exercise of that discretion is governed by the particular facts in each case (*see* CPLR 5001 [a]; *see also Matter of Rosenblum [Aetna Cas. & Sur. Co.]*, 81 AD2d 731, *lv denied* 54 NY2d 607; *Bosco v Alicino*, 37 AD2d 552, 552). Here, the court found that plaintiffs had engaged in a fraudulent course of conduct in their dealings with defendants and ultimately attempted to defraud defendants of their real property and construction equipment. We conclude, therefore, that the court did not abuse its discretion in awarding interest to plaintiffs only until the date on which defendants established that they could pay off their debt to plaintiffs. Present—Pine, J.P., Hayes, Hurlbutt and Lawton, JJ.