■ J. HENRY SCHRODER BANK & TRUST COMPANY, Respondent-Appellant, v METROPOLITAN SAVINGS BANK, Individually and as Successor to the Greenwich Savings Bank, Appellant-Respondent.—Order, Supreme Court, New York County (George Bundy Smith, J.), entered August 15, 1985, denying defendant's motion for summary judgment and plaintiff's cross motion for partial summary judgment on its second through ninth causes of action, unanimously modified, on the law, only to the extent of dismissing the fifth and eighth causes of action in the amended complaint and otherwise affirmed, without costs or disbursements.

On review of the record, we agree with Special Term that there are clear factual issues here dealing with the representations with respect to the projected sellout of the condominium units and the existence and terms of individual guarantees of payment. Defendant places primary emphasis upon the loan documents, which, it claims, plaintiff had a duty to review but which plaintiff allegedly neither received nor had an opportunity to review until after the participation agreement had been signed. Although Metropolitan argues that it never expressly stated that it had conducted its own appraisal, the inferences that might reasonably be drawn from the language in the offering do pose factual issues. Parol evidence may be introduced to establish fraud in the inducement *(see, Hobart v Schuler,* 55 NY2d 1023; *Sabo v Delman,* 3 NY2d 155).* The participation agreement here does not contain a general merger clause, as in *Hobart,* although the agreement

included an acknowledgement that the loan documents had been received and were satisfactory in form and substance. Whether and when the documents were actually delivered to plaintiff and whether it had a real opportunity to review them must be determined at trial and cannot be resolved on a motion for summary judgment. These and the other several charges and countercharges in the record preclude summary determination, especially in light of the limited function of the court on a motion for summary judgment, which is issue finding, not issue determination (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Esteve v Abad,* 271 App Div 725, 727).

However, the fifth and eighth causes of action are insufficient as a matter of law and should have been dismissed. The fifth cause of action seeks to recover for gross negligence and misconduct by Metropolitan in refusing to honor its responsibility to fund the joint venture's operating shortfall in 1982. This was embodied in the original joint venture agreement to which plaintiff was not a party. Paragraph 3.3.7 thereof provides: "The provisions of this Section 3.3 are for the benefit of the Joint Venture and the Venturers and no third person shall have any right, claim or interest against the Joint Venture or any of the Venturers by virtue of such provisions." Since plaintiff has no standing or enforceable right under the joint venture agreement, the fifth cause of action should have been dismissed.

Similarly deficient is the eighth cause of action to recover $5 million in damages for claimed violations of Federal and State securities laws. It has been held that similar loan participation agreements are not securities under the Federal statutes (*American Fletcher Mtge. Co. v U. S. Steel Credit Corp.,* 635 F2d 1247, 1253-1254, *cert denied* 451 US 911; *Union Planters Natl. Bank v Commercial Credit Business Loans,* 651 F2d 1174, *cert denied* 454 US 1124; *Provident Natl. Bank v Frankford Trust Co.,* 468 F Supp 448). Such loan participation is neither a security nor an investment but, rather, is a transfer of an interest in a mortgage obligation.

New York's Martin Act (General Business Law art 23-A), as has been observed, is identical in design, scope and extent to the Securities Act of 1933 (15 USC § 77a *et seq.)* and Securities Exchange Act of 1934 (15 USC § 78a *et seq.)* and is intended to prevent fraud in connection with the sale of securities (*Matter of Gardner v Lefkowitz,* 97 Misc 2d 806, 812; *see generally, People v Federated Radio Corp.,* 244 NY 33; *People v Lexington Sixty-First Assoc.,* 38 NY2d 588). Inasmuch as the Martin

Act is similarly concerned with the fraudulent exploitation of the public in connection with the sale of securities and commodities, for the same reasons, the transaction at issue here is not within the remedial scope of General Business Law article 23-A. Therefore, the eighth cause of action is legally insufficient and should have been dismissed. Concur—Kupferman, J. P., Sandler, Sullivan, Asch and Kassal, JJ.