In the Matter of COUNCIL FOR OWNER OCCUPIED HOUSING, INC., et al., Respondents-Appellants, v ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant-Respondent.

Third Department, February 12, 1987

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Nancy Kramer, O. Peter Sherwood* and *Frederick K. Mehlman* of counsel), appellant-respondent *pro se.*

*Teitelbaum & Hiller, P. C. (Herbert Teitelbaum, Thomas P. Battistoni* and *M. Rose Gasner* of counsel), for respondents-appellants.

*Lansner Wendt & Himmelstein (Peter M. Wendt* and *Kevin R. McConnell* of counsel), for Metropolitan Council on Housing, *amicus curiae.*

## OPINION OF THE COURT

KANE, J.

On or about August 11, 1986, respondent issued certain emergency regulations to amend 13 NYCRR parts 18, 20 and 21 pursuant to the authority vested in him by General Business Law § 352-e (6). The regulations require sponsors of all offering plans for condominium and cooperative housing to disclose the presence of asbestos-containing material (hereinafter ACM). The regulations are codified at 13 NYCRR 18.7 (aa); 20.7 (z) and 21.7 (z). The regulations also require the sponsor of a cooperative or condominium offering to "have a person who is qualified to render an opinion on asbestos prepare a report" disclosing the location, amount and concentration of any ACM (13 NYCRR 18.7 [aa] [1]; 20.7 [z] [1]; 21.7 [z] [1]). Further, the report must provide recommendations for dealing with every type of ACM identified by "removal, enclosure, encapsulation, or leaving undisturbed" (13 NYCRR 18.7 [aa] [1] [iii]; 20.7 [z] [1] [iii]; 21.7 [z] [1] [iii]). The report must disclose how the recommended remedial measures should be implemented and "a recommended protocol for the future handling and maintenance of asbestos which will remain in the building" (13 NYCRR 18.7 [aa] [1] [v]; 20.7 [z] [1] [v]; 21.7 [z] [1] [v]). The regulations also require that the sponsor affirmatively state in the offering plan that either himself or the entity in control of the building will expeditiously carry

out the remedial measures recommended in the asbestos report *(id.)*. Also, the offering plan must state that the ACM remaining in the building will be removed or treated as necessary in the future *(id.)*. In the event that a closing takes place prior to the completion of the remedial work recommended in the asbestos report, the sponsor must "place in escrow a sum of money sufficient to pay for said work, the amount to be determined by a person qualified to render an opinion on asbestos, but in no event less than $2,500 per unit" (13 NYCRR 18.7 [aa] [2] [iii]; 20.7 [z] [2] [iii]; 21.7 [z] [2] [iii]).

Petitioners commenced this CPLR article 78 proceeding challenging the legality of the emergency regulations on several grounds. Petitioners first claim that respondent exceeded his statutory authority conferred upon him under General Business Law § 352-e. Secondly, petitioners assert that respondent unlawfully delegated his authority to a "person who is qualified to render an opinion on asbestos" (13 NYCRR 18.7 [aa] [1]; 20.7 [z] [1]; 21.7 [z] [1]).

Initially, petitioners sought a preliminary injunction; however, they relinquished their request for such relief because Supreme Court indicated its willingness to promptly decide the case on the merits. Since petitioners primarily challenged the regulations themselves rather than any particular action taken by respondent, the court converted the article 78 proceeding into an action for a declaratory judgment (CPLR 103 [c]). Turning to the merits, the court held that respondent had acted ultra vires in issuing the regulations in that General Business Law § 352-e in no way authorizes respondent to require a sponsor to provide for the correction of building defects, hazards or deficiencies as part of an offering plan. The court reasoned that since General Business Law § 352-e is a disclosure statute, respondent may promulgate regulations to achieve disclosure only and cannot require that actual corrective measures be taken. Consequently, the court severed the invalid provisions from those provisions which it determined to be valid (133 Misc 2d 574). Respondent appeals from so much of the judgment that invalidated the provisions which required actual corrective measures to be undertaken as part of the offering plan. Petitioners cross-appeal from so much of the judgment which upheld the regulations insofar as they required sponsors to hire a "qualified person" to render an opinion on asbestos and to prepare a report on the presence and degree of asbestos. Petitioners, however, concede that

respondent has the authority to require disclosure of the known presence of ACM.

As noted above, petitioners challenge respondent's authority to promulgate the regulations insofar as they require them to hire a person qualified to render an opinion on asbestos to prepare a report on ACM and to take certain remedial measures which carry out the recommendations in the report. They argue that General Business Law § 352-e is simply a law on disclosure and, therefore, respondent acted ultra vires in issuing the regulations.

Respondent argues that in order to fully inform potential investors of all relevant and material facts, sponsors must do more than simply disclose the presence of ACM. Due to the unlimited and uncertain risks of untreated ACM, respondent asserts that the recommended treatment thereof must be disclosed and must be actually undertaken in order to completely protect investors.

However well meaning respondent's policy regarding ACM may be, a review of General Business Law § 352-e and its corresponding commentary reveals that respondent's authority extends only so far as to mandate disclosure but not so far as to compel sponsors to undertake remedial measures with respect to any ACM present in their buildings. General Business Law article 23-A is New York's "blue sky" law (Kaufmann, Practice Commentary, McKinney's Cons Laws of NY, Book 19, General Business Law art 23-A, p 5). It is "identical in design, scope and extent to the Securities Act of 1933 (15 USC § 77a *et seq.)* and Securities Exchange Act of 1934 (15 USC § 78a *et seq.)* and is intended to prevent fraud in connection with the sale of securities" *(Schroder Bank & Trust Co. v Metropolitan Sav. Bank,* 117 AD2d 515, 516). It is more concerned with the fraudulent exploitation of the public *(supra,* at pp 516-517) than with punishment of the offenders *(Sopher v Abrams,* 554 F Supp 532, 536). General Business Law § 352-e sets forth the requirement of registration with respondent of offerings of real estate securities. The purpose of requiring the filing of a registration statement is to "afford potential investors, purchasers and participants an adequate basis upon which to found their judgment" (General Business Law § 352-e [1] [b]). The statement "shall not omit any material fact or contain any untrue statement of a material fact"

(General Business Law § 352-e [1] [b]) and "is filed for information purposes only" *(Phoenix Tenants Assn. v 6465 Realty Co., 119 AD2d 427, 429).*

Notwithstanding the broad scope of power conferred upon respondent to promulgate rules and regulations (General Business Law § 352-e [6]; *All Seasons Resorts v Abrams,* 68 NY2d 81, 86-87), nowhere in the statute or in its commentary is there a hint that his concerns should go beyond disclosure. A review of the case law which analyzes General Business Law § 352-e also compels this conclusion *(see, e.g., Matter of Whalen v Lefkowitz,* 36 NY2d 75). As an executive official, respondent may not usurp the legislative power which is vested solely in the Legislature (NY Const, art III, § 1). Administrative officers may not act "solely on their own ideas of sound public policy, no matter how excellent such ideas might be" *(New York Public Interest Research Group v Carey,* 86 Misc 2d 329, 331, *affd* 55 AD2d 274, *appeal dismissed* 41 NY2d 1072). Although an executive has flexibility in determining the methods of enforcement, respondent here was not effectuating or implementing General Business Law § 352-e which regulates disclosure, but went beyond it and assumed the power of the Legislature to set State policy *(see, Clark v Cuomo,* 66 NY2d 185, 189). This conclusion finds support in the fact that the Legislature has passed two laws dealing with asbestos and its treatment (Education Law art 9-A; Labor Law art 30). Accordingly, respondent acted beyond his powers in extending General Business Law § 352-e beyond its scope by requiring actual corrective measures to be undertaken as part of an offering plan.

Petitioners also claim that the part of the regulations which require them to hire a "person who is qualified to render an opinion on asbestos prepare a report" amounts to an unlawful delegation of respondent's authority (13 NYCRR 18.7 [aa] [1]; 20.7 [z] [1]; 21.7 [z] [1]). However, given the fact that respondent has final approval of the disclosure statements *(see,* General Business Law § 352-e [2]), respondent has not unlawfully delegated his authority. Moreover, other regulations promulgated pursuant to General Business Law § 352-e (6) call for certification of the offering plan by several experts such as real estate appraisers, certified accountants and attorneys *(see,* 13 NYCRR 18.3 [i], [j], [k]). Respondent is justified in mandating that a report on ACM be prepared in light of his broad

power under the statute to insure that all material facts are disclosed. It is not only the presence of ACM which is relevant to investors, but also other factors relating to the treatment of ACM such as the expense and time anticipated in the treatment thereof. We therefore affirm.

MAHONEY, P. J., CASEY, WEISS and LEVINE, JJ., concur.

Judgment affirmed, without costs.