COUNCIL FOR OWNER OCCUPIED HOUSING, INC., et al., Respondents, v ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant.

Third Department, January 14, 1988

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Nancy Kramer, Lawrence S. Kahn* and *Frederick K. Mehlman* of counsel), appellant *pro se.*

*Teitelbaum & Hiller, P. C. (Herbert Teitelbaum* and *Thomas P. Battistoni* of counsel), for respondents.

*Levenson, Finder & Novick (Richard L. Levenson* and *Michele Cortese* of counsel), for Metropolitan Council on Housing, *amicus curiae.*

*Goldschmidt, Oshatz & Saft (Stuart M. Saft* and *Brendan R. Marx* of counsel), for Council of New York Cooperatives, Inc., *amicus curiae.*

**OPINION OF THE COURT**

KANE, J. P.

Once again we are called upon to examine the validity of regulations promulgated by defendant under article 23-A of the General Business Law, known as the Martin Act, and specifically, General Business Law § 352-e which governs real estate syndication offerings. Pursuant to the authority granted to him under that statute (General Business Law § 352-e [6] [a], [b]), defendant issued 13 NYCRR 18.3 (hh) (3) which applies to the conversion of real property into cooperative housing units and provides that in the sponsor's statement of the building's condition, the sponsor must: "State that prior to closing or within a reasonable period of time thereafter, sponsor will cause to be cured all violations of record as of the closing date (except violations caused by acts or omissions of tenants of the building in their own units), and will eliminate all dangerous or hazardous conditions that sponsor has notice of, and comply with all work orders from mortgagees." A similar provision has been promulgated with respect to the conversion of property to condominiums, but it has not been filed with the Secretary of State in accordance with NY Constitution, article IV, § 8, and, accordingly, is currently of no force or effect *(see, Matter of Jones v Smith,* 64 NY2d 1003; *Matter of Cabrini Med. Center v Axelrod,* 105 AD2d 569).

It is the requirement that sponsors take remedial action by curing building violations and dangerous conditions before they offer investments in cooperatives and condominiums that is under attack in this action. This court addressed this issue on a prior occasion when it invalidated defendant's regulations requiring remedial action for the treatment or removal of asbestos-containing material found in any such buildings *(see, Matter of Council for Owner Occupied Hous. v Abrams,* 125 AD2d 10). Despite defendant's protestations to the con-

trary, our decision therein is dispositive of the issues raised on this appeal. In attempting to distinguish the case at bar from our prior decision, defendant argues that here there are a number of statutes which require owners to correct dangerous conditions, namely, the New York Uniform Fire Prevention and Building Code, the Multiple Dwelling Law, the Multiple Residence Law, the New York Sanitary Code, the New York City Housing Maintenance Code and Real Property Law § 235-b. However, we find nothing in the statutory scheme contained in the numerous statutes requiring owners of multiple buildings to correct dangerous conditions that supports defendant's contentions that he is intended to be the administrator or enforcer of those provisions established for remedying dangerous conditions in buildings.

Finally, we find nothing in any of the legislative history of these statutes which suggests an intention to provide defendant with such unfettered authority in this area. It is well settled that an executive official may not usurp the power of the Legislature by adopting remedial measures that go beyond his grant of authority *(see, Under 21, Catholic Home Bur. for Dependent Children v City of New York,* 65 NY2d 344; *Subcontractors Trade Assn. v Koch,* 62 NY2d 422). Similarly, rule-making authority may not be exercised in such a manner as to extend statutory language to situations not intended to be embraced *(see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 595; *see also, Matter of Jones v Berman,* 37 NY2d 42, 53). Here, authority conferred upon defendant in the statutory scheme of things is limited to matters related to disclosure, and, since the regulations in question exceed that purpose, it was proper that defendant's actions be declared ultra vires and the promulgated regulations invalid *(see, Boreali v Axelrod,* 71 NY2d 1).

CASEY, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed, without costs.