OPINION OF THE COURT
Stanley Parness, J.
Petitioner Ward Hill Associates brings this CPLR article 78 proceeding to vacate the determination and order of respondent, Attorney-General of the State of New York, of January 28, 1994 which denied its application for a determination directing disbursement to petitioner of the down payment held under a purchase agreement between petitioner as seller and Enver and Firdoz Limanoska as purchasers. The deposit was posted with petitioner’s attorneys and placed in its escrow account as required by 13 NYCRR 22.3 (k) promulgated by the Attorney-General under the authority of General Business Law § 352-e (2-b) authorizing the Attorney-General to require deposits on sales of cooperatives, condominiums and residences in homeowners associations to be held in special escrow accounts pending delivery of the unit, deed or lease.
General Business Law § 352-e (2-b) further provides: "In addition to the general regulatory authority provided in this section, the attorney general is hereby authorized to adopt, promulgate, amend and rescind suitable rules and regulations to carry out the provisions of this subdivision, including, but not limited to, determining when escrow funds may be released, the nature of escrowees and other terms and conditions relating thereto deemed necessary in the public interest.” (Emphasis added.)
*728 Pursuant thereto, respondent promulgated 13 NYCRR 22.3 (k) establishing the procedures to be followed to obtain release of such escrow accounts. Paragraph (2) (viii) (a) of 13 NYCRR 22.3 (k) directs, as follows: "(a) [i]n the event of a dispute, the sponsor shall apply and the purchaser or the escrow agent holding the down payments in escrow may apply to the Attorney General for a determination on the disposition of the down payment and any interest earned thereon” (emphasis added), and also provides that the Attorney-General shall act upon such application within 30 days by either making a determination or extending its time to do so for stated reasons.
In either case, the making of such an application has as its purpose the release of the down payment to the party entitled thereto.
In the instant case, the Limanoskas were the successful bidders at an auction conducted on August 15, 1993 by petitioner as sponsor of the sale of homes under a plan filed with the Attorney-General under the Martin Act (General Business Law art 23-A). They executed sponsor’s purchase agreement which recited the purchase price bid of $150,000 plus closing costs of $5,250. It provided for a 10% down payment which was paid $10,000 on execution and the balance of $5,250 two days later. Purchasers were unrepresented at the auction and in the signing of the purchase agreement prepared by sponsor which sponsor presented to purchasers for signature immediately after the auction concluded.
Paragraph 8A (1) thereof gave purchasers 30 days to obtain a mortgage commitment for $139,000 from GFC Mortgage Financing, the mortgage broker designated by sponsor. It further provided that if GFC rejects their application and purchasers notify sponsor thereof, that sponsor is given the option: "to obtain for the purchaser from another lender within 30 days from receipt of the notice a mortgage loan commitment on substantially the same terms and conditions set forth in paragraph 8A (1)”.
When purchasers were unable to satisfy GFC’s request for further substantiation of income to support the proposed loan, GFC declined to issue a commitment on September 2, 1993. Purchasers, now represented by counsel, notified sponsor of GFC’s rejection and demanded return of the down payment. After a series of discussions by telephone between counsel for the parties, petitioner advised that it elected to seek alterna *729 tive mortgage financing pursuant to paragraph 8A (v) of the agreement which afforded it 30 days plus 5 additional days for receipt of the notice to do so. Petitioner alleges that its efforts, however, were impeded by purchasers’ delay in furnishing authorization to obtain purchasers’ loan application to GFC to facilitate its efforts to obtain financing. It appears that its request for same was sent to purchasers’ home, rather than to their attorney’s office, and was incorrectly addressed or was misdirected resulting in a delay in receipt thereof by purchasers of over three weeks. In the interim, sponsor’s oral request for same to purchasers’ attorney was complied with on October 6, which reached sponsor on October 13th. Although it was forwarded to the alternative broker selected by sponsor, Xenia Funding Corporation, its commitment for a $139,000 purchase mortgage loan was not made until October 15, 1993 which was two days beyond the permissible period for sponsor to perform its option under paragraph 8 of the agreement. Subsequent attempts by petitioner to resolve the matter were unsuccessful and purchasers continued to demand return of the down payment. Petitioner nevertheless set a closing date of December 10, 1993. Purchasers, however, did not attend and their default was noted on that date by sponsor who then notified purchasers that it intended to retain the down payment as liquidated damages under the terms of the agreement on the occasion of purchasers’ default in performance thereof.
On December 20th, purchasers filed applications with respondent for release of the escrowed down payment, under General Business Law § 352-e (2-b) and § 352-h and the said regulation. Petitioner filed its opposition by letter of January 24, 1994 in which it advised respondent of its position entitling it to release of the down payment as liquidated damages. It alleged the chronology of events from August 15th to December 10, 1993 claiming it was purchasers’ delay in furnishing requested authorizations and needed substantiation of their income to obtain financing which frustrated its efforts to obtain financing. It claimed that such delay held up the issuance of the commitment from Xenia Funding Corporation until October 15th. It recited the efforts made to negotiate objections to certain terms in the proposed commitment after that date, the scheduled closing date of December 10th and purchasers’ default. It also alleged that purchasers’ notice of rescission and application for release of the down payment to them should properly be rejected by respondent as untimely *730 made. It therefore requested dismissal of the application by respondent.
In its analysis and determination, respondent ruled in favor of purchasers and directed release to them. It found that purchasers’ notice of September 7, 1993 reporting the denial of financing by GFC was timely and afforded sponsor 30 days plus 5 additional days from receipt of such purchasers’ notice to obtain alternative financing under paragraph 8A (v) of the agreement. It found that sponsor had not provided purchasers with such a commitment until October 15, 1993 which was beyond that period.
It rejected petitioner’s claim that purchasers caused the delay by not furnishing authorizations and financial information, finding that such delay was occasioned by the fact that sponsor’s request for same was not directed to petitioner’s attorney until almost three weeks into the 30-day period. Thus, it held that sponsor was deemed to have waived any right to object to purchasers’ failure to provide sponsor with a copy of the GFC loan application. It consequently directed release to purchasers of their down payment of $15,525 plus interest within 10 days.
Although claimed otherwise by petitioner in this article 78 proceeding, the determination made by respondent has a rational basis to support it, is consistent with the terms of the contract which petitioner drew , and is in conformity with the cited statutes and regulations. promulgated thereunder as to the procedures to be followed in cases of disputes concerning release of down payments. The actions of the parties and the chronology of the events support respondent’s finding that the petitioner was duly notified of GFC’s rejection of purchaser’s loan application and established its failure to obtain alternative financing of the purchase within the 30-day period to do so. In sum, petitioner’s failure to obtain the commitment within the contractual time frame was reasonably and rationally found not occasioned by the purchasers’ actions.
The court’s role in review of administrative determinations is to ascertain the presence of a rationally based determination and once found, the judicial function is satisfied. (Matter of Pell v Board of Educ., 34 NY2d 222 [1974].) The record supports such a conclusion herein which was neither arbitrary nor capricious.
Petitioner separately challenges the assumption of jurisdiction of the respondent to determine applications for release of *731 escrowed down payments under purchase agreements of regulated realty sales as having gone beyond the delegation of powers granted under General Business Law § 352-e (2-b) and § 352-h. It alleges the regulations promulgated under 13 NYCRR 22.3 (k) unauthorizedly created a forum for respondent to determine entitlement to disputed down payments rather than limiting its role to one concerning compliance with disclosure and leaving it to the courts to determine entitlement to the funds. Petitioner refers to the rejection by the courts of regulations promulgated by the Attorney-General in another case which directed sponsors in real estate syndicated offerings to remove all building violations and dangerous conditions before investments in same could be offered (Council for Owner Occupied Hous. v Abrams, 135 AD2d 13, affd 72 NY2d 553). The Court therein held that the Attorney-General had extended his powers beyond the intent of the enabling statute.
The regulations in the instant case, 13 NYCRR 22.3 (k), do not evidence such an extension of jurisdiction and are not ultra vires under its enabling statutes, General Business Law § 352-e (2-b) and § 352-h. Here, the Attorney-General in addition to "general regulatory authority” given it by statute it is authorized to "adopt, promulgate, amend and rescind suitable rules and regulations * * * including but not limited to, determining when escrow funds may be released, the nature of escrowees and other terms and conditions relating thereto deemed necessary in the public interest.” (General Business Law § 352-e [2-b].) The limitation urged by petitioner that the statute does not apply to disputes concerning escrow funds is not persuasive. The power to determine when escrow funds are to be allowed reasonably includes the power to determine to whom such funds are to be released. The further power granted to respondent under General Business Law § 352-e (2-b) to promulgate "other terms and conditions relating thereto deemed necessary in the public interest” supports the grant to determine entitlement and reasonably includes the power to provide by regulation, the terms and conditions within which it may make dispositive determinations of the escrowed funds regulated by it under the powers granted it under section 352-e (2-b). It would thwart the broadly stated legislative purpose to define that power as restrictively as contended by petitioner. It is noted that a specific statutory grant of power with respect to removal of violations was wholly absent in Council *732 for Owner Occupied Hous. v Abrams (supra) but such specific power is directed herein.
The regulations promulgated under 13 NYCRR 22.3 (k), therefore, were within the authorized exercise of powers expressly given in the statute to respondent.
Neither do the regulations providing for a review upon written application with full opportunity for submission of written response in opposition deprive any party of a fair forum for the administrator to determine entitlement to escrow funds. Judicial review pursuant to article 78 of the determination made, the final administrative step, affords the full review of the reasonableness of the determination made.
Accordingly, the application to declare the subject regulations unenforceable is denied. The application to vacate the determination of respondent of January 28, 1994 is denied for the reasons given herein. The stay of enforcement of said determination in the order to show cause herein is vacated.
The petition is dismissed.